CRAIG J. MARIAM, ISB NO. 11061
cmariam@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
999 W. Main Street, #100
Boise, ID 83702
Telephone:  (208) 489-9095
Facsimile:  (208) 957-5704

Attorneys for Defendant
KOCHAVA INC.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## NORTHERN (COEUR D'ALENE) DIVISION

| | |
|---|---|
| CINDY MURPHY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> KOCHAVA, INC., <br><br> Defendant. | CASE NO. 2:23-cv-00058-REP <br><br> Honorable Raymond E. Patricco <br><br> **MEMORANDUM IN SUPPORT OF KOCHAVA INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND RULE 12(b)(1)** |

TO THIS HONORABLE COURT:

Kochava Inc. ( "Kochava") hereby respectfully submits its brief in support of its

Motion to Dismiss the Complaint of Plaintiff Cindy Murphy ("Plaintiff") pursuant to

Federal Rule of Civil Procedure 12(b)(6) and Rule 12(b)(1).

## **TABLE OF CONTENTS**

Page(s)

I.  INTRODUCTION ....................................................................................................... 1

II.  BACKGROUND AND PLAINTIFF'S ALLEGATIONS ..................................... 3

  A.  KOCHAVA AND THE KOCHAVA COLLECTIVE ....................................... 3

  B.  KOCHAVA'S COMPLAINT AGAINST THE FTC ........................................ 4

  C.  PLAINTIFF'S ALLEGATIONS IN THE COMPLAINT ARE IDENTICAL TO THE FTC'S ALLEGATIONS ............................................................................ 5

III.  LEGAL STANDARD .............................................................................................. 7

IV.  LEGAL ARGUMENT ............................................................................................. 9

  A.  PLAINTIFF LACKS ARTICLE III STANDING ................................................ 9

    1.  PLAINTIFF CANNOT ESTABLISH THAT SHE SUFFERED AN INJURY IN FACT ....................................................................................... 9

    2.  PLAINTIFF CANNOT SHOW A CAUSAL CONNECTION ...................... 11

    3.  PLAINTIFF CANNOT ESTABLISH REDRESSABILITY AS TO INJUNCTIVE RELIEF ................................................................................ 11

  B.  PLAINTIFF CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT ... 12

  C.  PLAINTIFF CANNOT STATE A WCPA CLAIM ......................................... 14

    1.  PLAINTIFF SUFFERED NO COGNIZABLE INJURY CAUSED BY KOCHAVA ................................................................................................... 15

    2.  PLAINTIFF CANNOT ALLEGE "UNFAIR OR DECEPTIVE ACTS" ....... 16

V.  CONCLUSION ....................................................................................................... 19

KOCHAVA INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO
FRCP 12(b)(6) AND RULE 12(b)(1)

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Johnson,*
    355 F.3d 1179 (9th Cir. 2004) ........................................................................ 8

*Alvarez v. Target Corp.,*
    No. 13-CV-0150-TOR, 2013 WL 4734123 (E.D. Wash. July 10, 2013) ................... 15

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................ 8

*Beco Constr. Co. v. Bannock Paving Co.,*
    797 P.2d 863 (Idaho 1990) .............................................................................. 13

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................... 8, 17

*Benavidez v. County of San Diego,*
    993 F.3d 1134 (9th Cir. 2021) ......................................................................... 8

*Citizens for Better Forestry v. U.S. Dept. of Agric.,*
    341 F.3d 961 (9th Cir. 2003) .......................................................................... 11

*Coal for a Sustainable Delta v. John McCamman,*
    725 F. Supp. 2d 1162 (E.D. Cal. 2010) ............................................................ 11

*Cousineau v. Microsoft Corp.,*
    992 F. Supp. 2d 1116 (W.D. Wash. 2012) ..................................................... 15, 16

*DBSI Signature Place, LLC v. BL Greensboro, L.P.,*
    No. CV 05-051-SLMB, 2006 WL 1275394 (D. Idaho May 9, 2006) ......................... 14

*Dutta v. State Farm Mutual Auto. Ins. Co.,*
    895 F.3d 1166 (9th Cir. 2018) ......................................................................... 9

*Edwards v. First American Corp.,*
    610 F.3d 514 (9th Cir. 2010) ......................................................................... 10

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,*
    528 U.S. 167 (2000) ............................................................................... 1, 7, 9

*Gaos v. Google Inc.,*
    2012 WL 1094646, *3 (N.D. Cal. Mar. 29, 2012) ............................................... 10

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,*
    105 Wash. 2d 778 (1986) ......................................................................... 2, 14, 15

*Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC,*
    134 Wash. App. 210, 135 P.3d 499 (2006) ...................................................... 16

*In re Facebook Internet Tracking Litig.,*
    140 F. Supp. 3d 922 (N.D. Cal. 2015) ............................................................. 10

*In re iPhone App. Litig.*,
   No. 11-MD-02250-LHK, 2011 WL 4403963, at *5-6 (N.D. Cal. Sept. 20, 2011) ...... 10

*In re Smartphone Geolocation Data Application*,
   977 F. Supp. 2d 129 (E.D.N.Y. 2013) .......................................................................... 17

*In re Zappos.com, Inc.*,
   108 F. Supp. 3d 949 (D. Nev. June 1, 2015)................................................................ 10

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*,
   162 Wash. 2d 59 (2007) .............................................................................................. 15

*Keyes v. Bollinger*,
   31 Wash. App. 286 (1982) .......................................................................................... 15

*Kwan v. SanMedica International*,
   854 F.3d 1088 (9th Cir. 2017) ...................................................................................... 8

*LaCourt v. Specific Media, Inc.*, No. SACV 10-1256 GW JCGX,
   2011 U.S. Dist. LEXIS 50543, at *11-12 (C.D. Cal. Apr. 28, 2011) ........................... 10

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
   350 F.3d 1018 (9th Cir. 2003) ...................................................................... 2, 8, 9, 18

*Los Angeles v. Lyons*,
   461 U.S. 95 (1983) ...................................................................................................... 12

*Low v. LinkedIn Corp.*,
   900 F. Supp. 2d 1010 (N.D. Cal. 2012) ....................................................................... 10

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................................. 8, 9, 11

*Manzarek v. St. Paul Fire & Marine Insurance Co.*,
   519 F.3d 1025 (9th Cir. 2008) ...................................................................................... 8

*Med. Recovery Servs., LLC v. Bonneville Billing & Collections, Inc.*,
   355 P.3d 802 (Idaho 2014).......................................................................................... 13

*Nguyen v. Doak Homes, Inc.*,
   140 Wash. App. 726 (2007) ......................................................................................... 14

*Robinson v. Avis Rent A Car Sys., Inc.*,
   106 Wash. App. 104 (2001) ........................................................................................... 2

 *Robinson*, 106 Wash. App. At 114 .................................................................................. 14

*Simon v. E. Ky. Welfare Rights Org.*,
   426 U.S. 26 (1976) ........................................................................................................ 2

*Spokeo v. Robins*,
   578 U.S. 330 (2016) ...................................................................................................... 9

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ................................................................................................. 7, 11

-iii-

*Stephens v. Omni Ins. Co.*,
   138 Wash. App. 151 (2007) ................................................................. 3, 16

*Tomasella v. Nestle USA, Inc.*,
   962 F.3d 60 (1st Cir. 2020) ...................................................................... 14

*W. Watersheds Project v. Bernhardt,*
   519 F. Supp. 3d 763 (D. Idaho 2021) ......................................................... 12

*Wadsworth & Reese, PLLC v. Siddoway & Co.*,
   445 P.3d 1090 (Idaho 2019).................................................................. 2, 12

*Warth v. Seldin*,
   422 U.S. 490 (1975) ............................................................................ 10

**Statutes**

15 U.S.C. §45(a) .................................................................................... 4, 5

15 U.S.C. §53(b) ...................................................................................... 4

RCW § 19.86.010 .................................................................................... 1

RCW §§ 19.86.020, 19.86.090 ........................................................... 2, 14, 15

Va. Code Ann. § 59.1-575 ........................................................................... 3

**Rules**

Federal Rule of Civil Procedure 12(b)(1) .......................................................... 7

Rule 12(b)(6) .......................................................................................... 8

KOCHAVA INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO
FRCP 12(b)(6) AND RULE 12(b)(1)

## I.      INTRODUCTION

This case arises out of Plaintiff Cindy Murphy's ("Plaintiff") allegations that Defendant Kochava Inc. ("Kochava") collected and sold Plaintiff's and Class Members' geolocation data without their consent. Plaintiff purports to bring this putative class action on behalf of herself and "all persons in the United States," as well as "a subclass defined as all Class members who reside in the State of Washington," predicated on Plaintiff's claims for unjust enrichment and violations of the Washington Consumer Protection Act, RCW 19.86.010, *et seq.* ("WCPA"). Complaint ("Comp.") at ¶¶ 1, 34-35. Plaintiff's Complaint against Kochava suffers from a multitude of dispositive facial defects.

First, all of Plaintiff's claims fail because she lacks Article III standing: Plaintiff cannot show (1) she suffered an "injury in fact," (2) that is fairly traceable to Kochava's conduct and (3) will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). Plaintiff fails to show a concrete and particularized injury to herself that resulted from the alleged violations. Plaintiff's sole allegations of claimed injury and harm are conclusory and insufficient: Plaintiff either recites the FTC's non-specific Complaint, *FTC v. Kochava Inc.*, No. 2:22-cv-00377-BLW (Dist. Idaho), Docket No. 1 ("FTC Complaint") verbatim or she conclusorily alleges that "Defendant's conduct has the capacity to, and has actually caused injury not only to Plaintiff, but to thousands of others in Washington and around the country." *See* Comp. at ¶¶ 8-33 & 51. Conspicuously, the Complaint fails to show that the alleged statutory violations affected Plaintiff and Class Members *themselve*s. Plaintiff fails to allege any specific instances of locations where she or other Class Members were "tracked," or other injury that is specific to Plaintiff. Plaintiff does not even allege specific app(s) used by Plaintiff or Class Members that purportedly enabled Kochava to acquire their geolocation data. These failures are fatal to Plaintiff's Complaint.

Third, Plaintiff's allegations illustrate that she cannot establish any causal connection between any injury to Plaintiff and Kochava's alleged unlawful conduct. In fact, Plaintiff's own

allegations establish that the conduct at issue originated not with Kochava, but with other third parties, thereby dooming Plaintiff's standing. Additionally, Plaintiff has not pled any facts to show that she is "realistically threatened by a repetition" of the damage that is "likely to be redressed by a favorable decision" to warrant injunctive relief. The fact that the Kochava Data Sample is no longer available as admitted by Plaintiff, coupled with the introduction of the Privacy Block feature that preserves the privacy of consumers with respect to sensitive locations, makes it evident that Plaintiff is unable to allege the threat of repeated injury. This precludes injunctive relief. *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 41 (1976). Accordingly, a plaintiff who fails to show that he "personally ha[s] been injured" cannot seek relief for himself or any other putative class member. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003). As such, all of Plaintiff's claims are barred because she cannot establish standing.

Fourth, on the merits, Plaintiff cannot sufficiently plead the elements of her unjust enrichment and WCPA claims, which fail as a matter of law because Plaintiff does not, and cannot, allege a direct relationship existed between herself and Kochava. Indeed, Plaintiff admits that her data was allegedly acquired through her use of a third party app on her mobile device. Further, because Plaintiff fails to allege that she has conferred a benefit on Kochava and fails to allege inequity, the unjust enrichment claim fails. *Wadsworth & Reese, PLLC v. Siddoway & Co.*, 445 P.3d 1090, 1098 (Idaho 2019).

Finally, Plaintiff also fails to sufficiently plead the elements for her WCPA claim, which fails as a matter of law because Plaintiff has not alleged either an injury to "business or property", an "unfair or deceptive [] practice[]", or requisite "causation." RCW §§ 19.86.020, 19.86.090; *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780 (1986); *Robinson v. Avis Rent A Car Sys., Inc.*, 106 Wash. App. 104, 114 (2001). The Complaint lacks any "specific facts demonstrating" that Plaintiff and Class Members "actually sustained injury." Plaintiff's allegations are in the Complaint are parroted from the FTC Complaint and are

entirely hypothetical. *See* Comp. at ¶¶ 8-33 & 51. Such entirely theoretical, inchoate risk of future harm is plainly insufficient to state a WCPA claim. Further, Plaintiff fails to adequately allege any unfair or deceptive acts or practices by Kochava because she fails to allege any misrepresentations of material importance. *See Stephens v. Omni Ins. Co.*, 138 Wash. App. 151, 166 (2007) (emphasis in original) (Although WCPA does not define an unfair or deceptive act, "implicit in that term is 'the understanding that the actor *misrepresented* something of material importance.'"). All of Plaintiff's claims are facially dispositive and her Complaint should be dismissed with prejudice.

## II.    BACKGROUND AND PLAINTIFF'S ALLEGATIONS

### A.    Kochava and the Kochava Collective

Kochava provides a range of digital analytics services to its clients, including the Kochava Collective[1] that serves as an aggregator of certain data made available through Kochava's proprietary data marketplace ("the Marketplace"). Plaintiff's Complaint is concerned with alleged precise[2] geolocation data that Plaintiff (incorrectly) alleges Kochava acquires and sells to its customers. Comp. at ¶ 7. Plaintiff acknowledges that Kochava obtains the data from third parties. *Id*. at ¶ 9.

---

[1] Kochava populates the Collective with audience data received with consent from device users and third-party suppliers.

[2] The Complaint alleges that Kochava sells "timestamped latitude and longitude coordinates … associated with a 'device_id_value,' which is also known as a Mobile Advertising ID ("MAID"). Comp. at ¶ 11. The Complaint also alleges that "precise geolocation data [is] associated with MAIDs …. [and] may be used to track consumers to sensitive locations." *Id*. at ¶ 21. Plaintiff thus misrepresents the truth by alleging that the timestamped latitude and longitude coordinates are the same as "precise geolocation data," which is simply incorrect. "'Precise geolocation data' means information derived from technology, including but not limited to global positioning system ["GPS"] level latitude and longitude coordinates or other mechanisms, that *directly identifies the specific location* of a *natural person* with precision and accuracy within a radius of 1,750 feet." Va. Code Ann. § 59.1-575 (2023)(emphasis added). As such, precise geolocation data is akin to GPS' real-time coordinates of an individual's location – which is not the case here because Kochava does not provide real-time coordinates as Plaintiff herself concedes, "the data is gathered in the seven days prior to the date Kochava approved the subscription request." Comp. at ¶ 20.

**B.      Kochava's Complaint against the FTC**

On August 12, 2022, Kochava filed a lawsuit against the FTC for declaratory judgment and injunctive relief seeking adjudication that Kochava did not violate any laws. *See Kochava, Inc. v. Federal Trade Commission*, No. 2:22-cv-00349-BLW (Dist. Idaho), Docket No. 1 ("Kochava Complaint"). In its Complaint, Kochava seeks a declaration from the Idaho District Court that: (1) the FTC's structure violates Article II of the Constitution by providing improper insulation from the president, and Kochava's due process rights would be violated through any administrative proceeding; (2) Section 13(b) of the FTC Act, 15 U.S.C. §53(b) only authorizes the FTC to seek injunctive relief if and when the target is violating, or is about to violate, any provision of law enforced by the FTC and does not authorize the FTC to seek injunctive relief for past conduct that has ceased absent evidence that it is likely to recur; and (3) Kochava's practice of data collection, specifically of latitude and longitude, IP address and MAID information associated with a consumer's device is not an "unfair… act or practice" within the meaning of Section 5 of 15 U.S.C. §45(a). *See id.*

The FTC filed its Complaint against Kochava a few days after Kochava filed its above-referenced Complaint against the FTC. *See* FTC Complaint. The FTC seeks to enjoin Kochava's business activities by attempting to hold Kochava liable for purported violations of non-existent laws and regulations, and for alleged past conduct. Because no law prohibits the alleged business activities, the FTC is creating new law and therefore vaguely and broadly alleges that Kochava has committed "unfair or deceptive trade practices" in violation of Section 5(a) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §45(a). *See* FTC Complaint.

Following the FTC's Complaint, which is the subject of a pending motion to dismiss for, *inter alia*, failing to state a claim under any cognizable law or regulation, Plaintiff filed the instant copycat lawsuit that parrots the FTC's allegations in their entirety (*compare* Comp. at ¶¶ 8-33 *with* the FTC Complaint, ¶¶ 7-32), shoehorning them into her unjust enrichment and WCPA claims that have no basis in the law.

**C.      Plaintiff's Allegations in the Complaint Are Identical to the FTC's Allegations**

Plaintiff's entire "Factual Allegations" section in the Complaint is a verbatim recitation of the FTC Complaint. *Compare* Comp. at ¶¶ 8-33 *with* the FTC Complaint at ¶¶ 7-32. Plaintiff recites the allegations from the FTC Complaint that relate to the FTC's claim for injunctive relief in connection with Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), but Plaintiff fails to allege how these allegations relate to her or cause her injury. Specifically, Plaintiff recites the following allegations regarding the data in the Marketplace that are identical to the FTC's allegations in the FTC Complaint.

The Marketplace contains only raw data, which may include latitude and longitude coordinates and Mobile Advertising Identifier ("MAID") associated with a device and which may be used by third parties for advertising and mobile analytics. As Plaintiff explains, a MAID is a unique identifier assigned to a mobile device to assist marketers in advertising. Although latitude and longitude coordinates and MAID are data points that are part of the data feed in the Marketplace, Kochava does not uniquely identify end users. Comp. at ¶¶ 10-12. And, as Plaintiff acknowledges, a MAID can be changed by a consumer. *Id.* at ¶ 11.

Plaintiff alleges that Kochava provides public access to certain (non-end user) data but the only instance of such purported conduct (which is not a violation of law in any event) in the Complaint – a free data sample on the AWS Marketplace ("Kochava Data Sample") – is no longer available. Comp. at ¶¶ 13-20. As Plaintiff acknowledges, "the Kochava Data Sample was available on the AWS Marketplace until approximately June 2022." *Id.* at ¶ 14.

Plaintiff alleges that the sample "included precise location data gathered in *the seven days prior to the date Kochava approved the subscription request*." Comp. at ¶ 20 (emphasis added). But, unlike a GPS tool providing real-time location information, the purported sample location data does not contain precise geolocation data because as Plaintiff concedes, "the data is gathered in the seven days prior to the date Kochava approved the subscription request." *See id.* This

latency means, by definition, that the conjectural harms arising out of real-time location data alleged by Plaintiff are implausible, and cannot and do not actually materialize. Nor is this a violation of any law, anyway.

Plaintiff claims that said precise geolocation data is associated with MAIDs and this combination makes it possible to track consumers to sensitive locations, such as "places of religious worship, places that may be used to infer an LGBTQ+ identification, domestic abuse shelters, medical facilities, and welfare and homeless shelters, women's reproductive health clinics, and other sensitive locations." *Id.* at ¶ 21. Plaintiff also claims that, because each set of coordinates is time-stamped, it is possible to identify when a mobile device visited the location. *Id.* at ¶ 22. Plaintiff thus wrongly and speciously concludes that Kochava employs no technical controls to prohibit its customers from identifying consumers or tracking them to sensitive locations.[3] *Id.* at ¶ 24. Kochava does not sell a *combined* set of geolocation data, MAIDs, or other data points that would allow third parties to identify and track end users to alleged sensitive locations. In fact, Plaintiff acknowledges that some other unspecified data brokers, and not Kochava, "advertise services to match MAIDs with 'offline' information, such as consumers' names and physical addresses." *Id.* at ¶ 22.

Plaintiff's sole factual allegation in the Complaint as to her alleged injury is that "Defendant sold Plaintiff's data, including but not limited to Plaintiff's geolocation data, that Defendant acquired through Plaintiff's use of a third party application on her mobile device." *Id.* at ¶ 7. On the basis of this sole allegation and the FTC's allegations, Plaintiff claims Kochava "received the benefit of Plaintiff and the Class Members' personal location data at the expense of Plaintiff and the Class Members." *Id.* at ¶ 45. Plaintiff further claims that Kochava "has been unjustly enriched in retaining the revenues derived from the sale of [said] data, including

---

[3] Kochava also introduced a proprietary Privacy Block feature that enables location insights for marketing and business intelligence use cases while preserving the privacy of consumers with respect to sensitive locations.

KOCHAVA INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND RULE 12(b)(1)

geolocation data" and that it was inequitable because Kochava "did not obtain the consent of Plaintiff and Class members before selling their data to third parties." *Id*. at ¶ 46.

Plaintiff further claims that in the course of Kochava's business, Kochava "knowingly and intentionally sold Plaintiff [*sic*] and Class Members' personal information, including geolocation data" and that this conduct "constitute[s] unfair or deceptive practices under the WCPA" and that Kochava's actions "impact the public interest because Plaintiff was injured in exactly the same way as thousands of others whose personal data was sold by Defendant." *Id*. at ¶¶ 50, 51. Plaintiff contends she and the Class members "were injured as a result of the Defendant's conduct, and suffered ascertainable monetary loss." *Id*. at ¶ 52.

Other than the above (incorrect) and vague allegations reciting statutory language and allegations from the FTC Complaint, Plaintiff offers no specific facts about herself or other Class Members, or their alleged injuries. Plaintiff fails to allege how Kochava purportedly acquired Plaintiff's and Class Members' data through "a third party application on her mobile device." *See* Comp. at ¶ 7. Similarly absent are allegations identifying these "third party application[s]." *See id*. Plaintiff provides no details whatsoever as to location information Kochava allegedly collected from her and Class Members. Plaintiff asserts the same boilerplate allegations regarding "geolocation data" and recites locations identified as "sensitive" by the FTC. *See id*. at ¶¶ 8-33. Notably, Plaintiff does not contend that she or Class Members actually visited any of the purported sensitive locations, much less that Kochava tracked them there.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires dismissal for lack of subject matter jurisdiction where the plaintiff fails to allege all the elements of Article III standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109-10 (1998). Specifically, a plaintiff must show: (1) an injury in fact that is concrete and particularized, as well as actual and imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely (not merely speculative) that injury will be redressed by a favorable decision. *Friends of the Earth, Inc.*, 538

U.S. at 180-81. A plaintiff must demonstrate standing separately for each form of relief she seeks. *Id.* at 185. Further, in a putative class action setting, at least one named plaintiff must demonstrate Article III standing for the case to proceed. *Lierboe*, 350 F.3d at 1022. The party seeking to invoke federal jurisdiction bears the burden to establish the elements of constitutional standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992).

At the pleading stage, Rule 12(b)(6) allows the Court to dispense with spurious or legally flawed complaints before the parties begin the expensive and burdensome discovery process, particularly in a putative class action like this one. To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim only has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A claim is properly dismissed where, under the applicable law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. While the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Insurance Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted), mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Legal conclusions are insufficient but rather must be supported by factual allegations, *Kwan v. SanMedica International*, 854 F.3d 1088, 1096 (9th Cir. 2017), and "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss," *Benavidez v. County of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) (quoting *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)).

Importantly—and particularly relevant here—a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal,* 556 U.S. at 678.

## IV.     LEGAL ARGUMENT

### A.     Plaintiff Lacks Article III Standing

Plaintiff lacks Article III standing because she fails to allege (1) she suffered an "injury in fact," (2) that is fairly traceable to the defendant's conduct and (3) will be redressed by a favorable decision. *Spokeo v. Robins*, 578 U.S. 330 (2016); *Friends of the Earth, Inc.*, 528 U.S. at 180-81. A plaintiff who fails to show that she "personally ha[s] been injured" cannot seek relief for herself or any other putative class member. *Lierboe*, 350 F.3d at 1022.

#### 1.     Plaintiff cannot establish that she suffered an injury in fact

To establish an injury in fact, a plaintiff must show that she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560). A particularized injury is one that affects the plaintiff in a "personal and individual way." *Id.*; *see also Dutta v. State Farm Mutual Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018). A concrete injury is one that is "real and not abstract." *Spokeo*, 578 U.S. at 339.

Plaintiff cannot establish that she suffered an injury in fact because she cannot show a concrete and particularized harm. Plaintiff's sole allegations of claimed injury and harm are conclusory and insufficient: Plaintiff either recites the FTC Complaint—which does not specify any particularized harm to any individual, much less Plaintiff—verbatim, or she conclusorily alleges that "Defendant's conduct has the capacity to, and has actually caused injury not only to Plaintiff, but to thousands of others in Washington and around the country." *See* Comp. at ¶¶ 8-33 & 51. In fact, other than conclusory allegations that "Defendant has been unjustly enriched in retaining the revenues derived from the sale of Plaintiff's and Class members' data" and that "Plaintiff and the Class were injured as a result of the Defendant's conduct, and suffered ascertainable monetary loss" (Comp. at ¶¶ 46 & 52), Plaintiff fails to connect the value in the data allegedly collected by Kochava to a realistic economic or other harm or loss that is attributable to Kochava's alleged conduct. For example, Plaintiff cannot plausibly allege, for the

purposes of Article III standing, that she personally lost the opportunity to sell her data or that the value of her data was somehow diminished after it was purportedly collected and sold by Kochava.

Relatedly, Plaintiff has no standing as to any of her claims because the Complaint fails to show that the alleged violations affected Plaintiff and Class Members themselves[4]. *Edwards v. First American Corp.*, 610 F.3d 514, 517 (9th Cir. 2010) (Article III standing only where "the constitutional or statutory provision on which the claim rests properly can be understood as granting persons *in the plaintiff's position* a right to judicial relief" (emphasis added) (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975))). Plaintiff's generalized pleading fails to satisfy the injury-in-fact requirement that Plaintiff must be harmed personally and courts routinely dismiss such insufficiently pled complaints[5]. Not only Plaintiff's allegations fail to state a violation of any of her claims (as discussed below), Plaintiff also fails to allege that she or any Class Member has been tracked to any of the sensitive locations (or any locations for that matter) through the proscribed means under any applicable law. Further, Plaintiff fails to allege any specific instances of locations where she or other Class Members were "tracked," or other injury that is specific to

---

[4] Courts find allegations of distinct and palpable injury only when, unlike here, the pleadings allege specific harm to the plaintiff caused by the alleged violations. *See Gaos v. Google Inc.* (the Court dismissed six of the plaintiff's seven claims for failure to allege injury in fact, but found standing for the Stored Communications Act ("SCA") claim because the plaintiff, by "explain[ing] how and by whom that disclosure was made," showed that under the SCA's private right of action "the injury she suffered was specific to her." 2012 WL 1094646, *3 (N.D. Cal. Mar. 29, 2012); *see also Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1021 (N.D. Cal. 2012) (alleged SCA violations sufficient to establish Article III injury in fact where plaintiff "[gave] specific examples of the information allegedly transmitted to third parties when he visited the LinkedIn website").

[5] *See In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922, 930 (N.D. Cal. 2015); *Low*, 900 F. Supp. at 1021; *LaCourt v. Specific Media, Inc.*, No. SACV 10-1256 GW JCGX, 2011 U.S. Dist. LEXIS 50543, at *11-12 (C.D. Cal. Apr. 28, 2011); *see also In re Zappos.com, Inc.*, 108 F. Supp. 3d 949 (D. Nev. June 1, 2015) (no injury-in-fact where "Plaintiffs do not allege any facts explaining how their personal information became less valuable . . . or that they attempted to sell their information and were rebuffed because of a lower price-point"); *In re iPhone App. Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *5-6 (N.D. Cal. Sept. 20, 2011) (dismissing claims for lack of standing).

Plaintiff. Plaintiff does not even allege specific app(s) used by Plaintiff or Class Members that purportedly enabled Kochava to acquire their geolocation data.

Further undermining Plaintiff's claimed injury is the fact that Plaintiff and Class Members concede that they downloaded "a third party application" on their mobile devices and therefore, if any data was collected by these third party applications (and not Kochava), it was because Plaintiff and Class Members failed to opt-out from the data collection by simply disabling location tracking settings on their mobile device. *See* Comp. at ¶ 7.

### 2.      Plaintiff cannot show a causal connection

Article III requires "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Lujan*, 504 U.S. at 560-61 (quoting *Simon*, 426 U.S. at 41-42). Causation is lacking when an injury caused by a third party is too tenuously connected to the defendant's act. *Coal for a Sustainable Delta v. John McCamman*, 725 F. Supp. 2d 1162, 1192 (E.D. Cal. 2010) (citing *Citizens for Better Forestry v. U.S. Dept. of Agric.*, 341 F.3d 961, 975 (9th Cir. 2003)).

Plaintiff fails to establish the requisite causal connection between her claimed injury and Kochava's alleged conduct. As discussed above, Plaintiff's generalized allegations are insufficient to establish a particularized injury *specific to Plaintiff*. Moreover, Plaintiff's own allegations establish that the conduct at issue originated not with Kochava, but with other third parties. *See* Comp. at ¶ 7 (Plaintiff's allegations showing that data was purportedly collected by way of "a third party application on her mobile device"; while failing to allege Kochava is an app developer (which it is not).)

### 3.      Plaintiff cannot establish redressability as to injunctive relief

Plaintiff seeks injunctive relief (Comp. at ¶¶ 53 & 54(c)) and thus, she bears the burden of showing that she "personally would benefit in a tangible way" from the prospective injunctive relief she requests. *Steel Co.*, 523 U.S. at 103 n.5. A plaintiff fails to establish "redressability" as

to the request for injunctive relief when such plaintiff does not sufficiently allege that she is "realistically threatened by a repetition" of the damage that is "likely to be redressed by a favorable decision" by the court. *See Simon*, 426 U.S. at 38, 41.

Plaintiff has not pled any facts to show that she is "realistically threated by a repetition" of the damage that is "likely to be redressed by a favorable decision" by the court. *See Simon*, 426 U.S. 26 at 38, 41; *W. Watersheds Project v. Bernhardt,* 519 F. Supp. 3d 763, 783 (D. Idaho 2021). In fact, Plaintiff pleads the opposite: that the Kochava Data Sample, which is the sole basis of Plaintiff's allegations herein – is no longer available. Comp. at ¶¶ 13-20. As Plaintiff acknowledges, "the Kochava Data Sample was available on the AWS Marketplace until approximately June 2022." *Id.* at ¶ 14. Where standing is premised entirely on the threat of repeated injury, a plaintiff must show "a sufficient likelihood that he will again be wronged in a similar way." *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). The fact that the Kochava Data Sample is no longer available, coupled with the introduction of the Privacy Block feature that preserves the privacy of consumers with respect to sensitive locations, makes it evident that Plaintiff is unable to allege the realistic threat of repeated injury.

**B.      Plaintiff Cannot State a Claim for Unjust Enrichment**

In Idaho, "[u]njust enrichment occurs where (1) the plaintiff confers a benefit on the defendant; (2) the defendant appreciates the benefit; and (3) the defendant's acceptance of the benefit is inequitable without payment to the plaintiff for the benefit's value." *Wadsworth & Reese, PLLC*, 445 P.3d at 1098. Because Plaintiff fails to allege that she has conferred a benefit on Kochava and fails to allege inequity, the unjust enrichment claim fails.

First, Plaintiff's claim fails as a matter of law because she has had no interaction or relationship with Kochava. Rather, Plaintiff plainly states that a third party app collected her geolocation data and then somehow Kochava obtained it. Comp. at ¶ 7. Plaintiff concedes "Defendant sold Plaintiff's data, including but not limited to Plaintiff's geolocation data, that Defendant acquired through Plaintiff's use of a third party application on her mobile device." *Id*.

A claim for unjust enrichment requires the plaintiff to have a direct exchange with the defendant, not through a third party; otherwise the plaintiff's claim is too far removed to warrant liability on an unjust enrichment theory. *See Beco Constr. Co. v. Bannock Paving Co.*, 797 P.2d 863, 866-67 (Idaho 1990) ("existing Idaho law 'fails to recognize a cause of action under … the theory of … unjust enrichment where the alleged injured party has no relationship with the alleged injuring party."). Plaintiff does not plead that she interacted with or provided her geolocation data to Kochava. To the contrary, Plaintiff unequivocally alleges the information was "acquired through Plaintiff's use of a third party application on her mobile device." Comp. at ¶ 7. Plaintiff identifies the third party, not Kochava that purportedly collected her geolocation data. *Id.* This dooms her claim as Plaintiff fails to allege any interaction with Kochava.

Second, Plaintiff cannot show that she conferred any benefit on Kochava to state this claim. For the purposes of an unjust enrichment claim, a benefit conferred on the defendant is one that "adds to the other's advantage." *Med. Recovery Servs., LLC v. Bonneville Billing & Collections, Inc.*, 355 P.3d 802, 805 (Idaho 2014). It is not enough for the plaintiff to allege she has lost money—she must allege her loss amounted to a benefit to the defendant. *Beco Constr. Co.*, 797 P.2d 863, 866-67 (Idaho 1990) ("Unjust enrichment is an equitable doctrine and is inapplicable where the plaintiff in an action fails to provide the proof necessary to establish the value of the benefit conferred upon the defendant ....") Plaintiff's sole allegations in support of her unjust enrichment claim are conclusory: Plaintiff vaguely alleges she and class Members "conferred a benefit upon Defendant", that "Defendant received the benefit of Plaintiff and the Class Members' personal location data at the expense of Plaintiff and the Class Members," and that "Defendant has been unjustly enriched in retaining the revenues derived from the sale of Plaintiff's and Class members' data." Comp. at ¶¶ 44-46. Plaintiff does not allege the value of the benefit conferred on Kochava, nor does she allege how Plaintiff's geolocation data added to Kochava's advantage. Plaintiff also does not allege any detriment or loss to herself or Class

Members in terms of value of the alleged geolocation data. Plaintiff's conclusory allegations are insufficient to show that she or Class members conferred a benefit on Kochava.

Third, Plaintiff has not properly alleged that equity requires Kochava to return the alleged revenues obtained from sale of Plaintiff's and Class Members' location data. Plaintiff cannot show that Kochava acted inequitably. Plaintiff does not plead how Kochava's alleged receipt and possession of raw geolocation data is a violation of any law, much less an unjust enrichment to Kochava that is inequitable.

Finally, the Court's "equitable intervention is obviated when an adequate remedy at law is available to the plaintiff." *DBSI Signature Place, LLC v. BL Greensboro, L.P.*, No. CV 05-051-SLMB, 2006 WL 1275394, at *9 (D. Idaho May 9, 2006). Thus, a party with an adequate remedy at law cannot claim unjust enrichment. Specifically, [i]t is the availability of a remedy at law, not the viability of that remedy that prohibits a claim for unjust enrichment." *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 82-83 (1st Cir. 2020). WCPA provides Plaintiff with "an adequate remedy at law" and therefore, her claim for unjust enrichment must fail as a matter of law. Although Plaintiff's WCPA claim is flawed, it does not matter as it is "availability of a remedy at law, not the viability of that remedy" that prohibits a claim for unjust enrichment. *See Tomasella*, 962 F.3d at 82-83; *DBSI Signature Place, LLC*, 2006 WL 1275394, at *9. Accordingly, Plaintiff's unjust enrichment claim should be dismissed.

### C.     Plaintiff Cannot State a WCPA Claim

To state a claim under WCPA, a plaintiff must establish (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) public interest impact, (4) injury to Plaintiff's business or property, and (5) causation. *Hangman Ridge Training Stables, Inc.*, 105 Wash. 2d at 780. "If any element is not satisfied, there can be no successful WCPA claim." *Robinson*, 106 Wash. App. At 114; *accord Nguyen v. Doak Homes, Inc.*, 140 Wash. App. 726, 733 (2007). Here, the Complaint fails to adequately plead a violation of WCPA because Plaintiff has not alleged

either an injury to "business or property", an "unfair or deceptive [] practice[]", or requisite "causation." *See* RCW §§ 19.86.020, 19.86.090.

### 1.    Plaintiff suffered no cognizable injury caused by Kochava

To recover under WCPA, "a plaintiff must suffer [an] injury to his 'business or property.'" *Keyes v. Bollinger*, 31 Wash. App. 286, 295 (1982). The injury to business or property is "a crucial element of a CPA claim." *Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1128 (W.D. Wash. 2012). Mere allegations of "possible injury" to business or property at "some undefined point in the future" do not suffice. *Alvarez v. Target Corp.*, No. 13-CV-0150-TOR, 2013 WL 4734123, at *7 (E.D. Wash. July 10, 2013). Instead, a plaintiff must show "specific facts demonstrating that" the plaintiff "actually sustained injury." *Cousineau*, 992 F. Supp. 2d at 1128; *see also Hangman*, 105 Wash. 2d at 792 (holding that the "injury involved need not be great, but it must be established"). Further, in order to show causation, "[a] plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wash. 2d 59, 83 (2007).

As discussed above, the Complaint fails to allege any injury sustained by Plaintiff or Class Members themselves, let alone that the injury was caused by Kochava. The Complaint lacks any "specific facts demonstrating" that Plaintiff and Class Members "actually sustained injury." Plaintiff's sole allegations of claimed injury and harm are conclusory and insufficient: Plaintiff either recites the FTC Complaint—which does not specify any particularized harm to any individual, much less Plaintiff—verbatim, or she conclusorily alleges that "Defendant's conduct has the capacity to, and has actually caused injury not only to Plaintiff, but to thousands of others in Washington and around the country." *See* Comp. at ¶¶ 8-33 & 51. An entirely theoretical, inchoate risk of future harm is plainly insufficient to state a WCPA claim.

The court in *Cousineau* dismissed a WCPA claim for a comparable failure to allege injury. There, a smartphone user claimed that Microsoft violated WCPA by transmitting

geolocation data from the smartphone even after she disabled that function. 992 F. Supp. 2d at 1128. The plaintiff claimed that the unwanted transmission "caused a diminution" in her data plan. *Id.* But she failed to provide any support for the assertion that the covert tracking diminished the phone's market value, which left the allegations "too nebulous to demonstrate" that she "actually sustained injury." *Id.* Plaintiff's allegations herein suffer from the same fatal flaw: Plaintiff's generalized pleading fails to allege that she or any Class Member has been tracked to any of the sensitive locations (or any locations for that matter) through the proscribed means under any applicable law. Further, Plaintiff fails to allege any specific instances of locations where she or other Class Members were "tracked," or other injury that is specific to Plaintiff. Plaintiff does not even allege specific app(s) used by Plaintiff or Class Members that purportedly enabled Kochava to acquire their geolocation data. Plaintiff also fails to alleged how the alleged tracking and/or sale of her data resulted in a loss of value to Plaintiff.

Further undermining Plaintiff's WCPA claim is the fact that Plaintiff unequivocally alleges the information was "acquired through Plaintiff's use of a third party application on her mobile device." Comp. at ¶ 7. Plaintiff identifies the third party, not Kochava that purportedly collected her geolocation data. *Id.* Thus, in addition to her failure to establish a cognizable injury, Plaintiff also cannot show the requisite causation.

## 2. Plaintiff cannot allege "unfair or deceptive acts"

Plaintiff's failure to allege any actual injury dooms her WCPA claim. But she also fails to adequately allege any unfair or deceptive acts or practices by Kochava. Although the WCPA does not define an unfair or deceptive act, "implicit in that term is 'the understanding that the actor *misrepresented* something of material importance.'" *Stephens v. Omni Ins. Co.*, 138 Wash. App. 151, 166 (2007) (emphasis in original). "Implicit in the definition of 'deceptive' under the WCPA is the understanding that the practice misleads or misrepresents something of material importance." *Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC*, 134 Wash. App. 210, 226, 135 P.3d 499 (2006). The Complaint does not allege such a misrepresentation.

Other than the recitation of the FTC Complaint verbatim and her vague and generalized allegations that "Defendant's actions as set forth above occurred in the conduct of trade or commerce, and constitute unfair or deceptive trade practices under the WCPA" (Comp. at ¶ 51), Plaintiff's Complaint is devoid of a single allegation regarding Kochava's alleged misrepresentations. Plaintiff resorts to conclusory labels to create the appearance of impropriety by reciting the FTC Complaint and conclusorily reciting the statutory language that the practices complained of are "unfair or deceptive." *See id*. This is insufficient. *See Twombly*, 550 U.S. at 555 ("A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."). Indeed, Plaintiff does not even attempt to explain how Kochava obtains Plaintiff's geolocation data from third party applications. *See* Comp. at ¶ 7.

Furthermore, Plaintiff's conclusory allegations regarding geolocation data are not "unfair or deceptive" practices under WCPA as a matter of law. Geolocation data services are an integral part of our modern lives, with indisputable benefits for companies and consumers alike. *See In re Smartphone Geolocation Data Application*, 977 F. Supp. 2d 129, 138-139 (E.D.N.Y. 2013) ("Geolocation technology provides a broad range of functions, from the vital to the prosaic"; listing vital services such as "enhanced 9–1–1 systems transmit geolocation data to 9–1–1 dispatchers"; "turn-by-turn driving directions", "localized weather information"; "recovery of lost or stolen smartphones"; "parental monitoring of children"; and "allowing advertisers access to geolocation data to promote nearby businesses."). Geolocation services serve pro-competitive, legitimate, and essential purposes in the modern-day commerce ecosystem. *Id.*

Plaintiff also alleges that Kochava violated WCPA because it "sold Plaintiff's data, including but not limited to her geolocation data, that [Kochava] acquired through Plaintiff's use of a third party application on her mobile device." Comp. at ¶ 7. Kochava receives data points, such as latitude and longitude coordinates and MAIDs (if permitted by a user) associated with a device and which may be used by third parties for advertising and mobile analytics from other data brokers. A MAID is a unique identifier assigned to a mobile device to assist marketers for

the purpose of advertising. Although latitude and longitude coordinates and MAID are data points that are available in the Marketplace, Kochava does not uniquely identify end users. In other words, Kochava does not identify the location associated with latitude and longitude, nor does Kochava identify the consumer associated with the MAID. Kochava does not collect a **combined** set of geolocation data, MAIDs, or other data points that would allow third parties to identify and track end users to alleged sensitive locations. Plaintiff's allegations of tracking to sensitive locations is based on conduct of unknown third parties who *may* allegedly access the raw data and analyze it together with a secondary set of data to come up with a location that could be considered sensitive by a consumer. Plaintiff's allegations do not attribute any "deceptive" or "unfair" conduct arising out of a misrepresentation to Plaintiff— triangulating plaintiff's identity with her timestamped locations in order to track her to sensitive locations—to Kochava.

Plaintiff merely cites to pending litigation between the FTC and Kochava for the conclusion that Kochava has violated WCPA. *See* Comp. at ¶¶ 8-33. Plaintiff's entire claim for this statutory violation rests on pending, un-adjudicated litigation where there has been no finding of unfair or deceptive conduct. *See id.* Accordingly, without a sufficient factual predicate, Plaintiff's WCPA claim fails.

To represent a class, of course, Plaintiff first must have viable claims of her own. *See, e.g.*, *Lierboe*, 350 F.3d at 1022 (9th Cir. 2003) (if plaintiff has no claim "she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail"). Plaintiff has not pled a viable WCPA claim because she was neither deceived nor harmed by Kochava.

/ / /

/ / /

/ / /

/ / /

## V.      CONCLUSION

For the reasons set forth above, Kochava respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Dated: March 17, 2023                              Respectfully submitted,


By:   */s/ Craig J. Mariam*
Craig J. Mariam
GORDON REES SCULLY MANSUKHANI, LLP
999 W. Main Street, Suite 100
Boise, ID 83702
(208) 489-9095
*cmariam@grsm.com*

**Attorneys for Defendant Kochava Inc.**

## <u>CERTIFICATE OF SERVICE</u>

On March 17, 2023, I caused a true and correct copy of the foregoing document to be served by email via Court's CM/ECF system on the parties who have appeared in this matter.

*/s/ Craig J. Mariam*
Craig J. Mariam, ISB No. 11061

KOCHAVA INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO
FRCP 12(b)(6) AND RULE 12(b)(1)