Craig J. Mariam, ISB NO. 11061
cmariam@grsm.com
Gordon Rees Scully Mansukhani, LLP
999 W. Main Street, #100
Boise, ID 83702
Telephone:  (208) 489-9095
Facsimile:  (208) 957-5704

Attorneys for Defendant
KOCHAVA INC.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## NORTHERN (COEUR D'ALENE) DIVISION

| | | |
|---|---|---|
| CINDY MURPHY, SCOTT CONNELLY, JENNY WATSON, and ADRIANA INGRAM, individually and on behalf of all others similarly situated, | ) ) ) | CASE NO. 2:23-cv-00058-BLW |
| | ) | Honorable B. Lynn Winmill |
| Plaintiffs, | ) ) | **MEMORANDUM IN SUPPORT** |
| vs. | ) ) ) ) | **OF KOCHAVA INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| KOCHAVA, INC., | ) ) | **PURSUANT TO FED. R. CIV. P. 12(b)(6) AND RULE 12(b)(1)** |
| Defendant. | ) ) | |
| | ) | |

TO THIS HONORABLE COURT AND ALL PARTIES:

Kochava Inc. ( "Kochava") hereby respectfully submits its brief in support of its

Motion to Dismiss the First Amended Complaint ("FAC") of Plaintiffs Cindy Murphy,

Scott Connelly, Jenny Watson, and Adriana Ingram (collectively, "Plaintiffs") pursuant

to Federal Rule of Civil Procedure 12(b)(6) and Rule 12(b)(1).

## **TABLE OF CONTENTS**

I.  INTRODUCTION ...................................................................................................1

II. BACKGROUND AND PLAINTIFFS' ALLEGATIONS ....................................3

   A.  KOCHAVA AND THE KOCHAVA COLLECTIVE ..................................3

   B.  KOCHAVA'S COMPLAINT AGAINST THE FTC.....................................4

   C.  PLAINTIFFS' ALLEGATIONS IN THE FAC ARE IDENTICAL TO THE
      FTC'S ALLEGATIONS ................................................................................4

III. LEGAL STANDARD...........................................................................................6

IV. LEGAL ARGUMENT ..........................................................................................8

   A.  PLAINTIFFS LACK ARTICLE III STANDING.......................................8

      1.   Plaintiffs cannot establish that they suffered an injury in fact.................8

      2.   Plaintiffs cannot show a causal connection.........................................10

      3.   Plaintiffs cannot establish redressability as to injunctive relief ...........10

   B.  PLAINTIFFS CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT   .........................11

   C.  PLAINTIFFS CANNOT STATE A WCPA CLAIM ..................................13

      1.   Plaintiffs suffered no cognizable injury caused by Kochava ................13

      2.   Plaintiffs cannot allege "unfair or deceptive acts"..............................15

   D.  PLAINTIFFS CANNOT STATE A CDAFA CLAIM ................................17

   E.  PLAINTIFFS CANNOT STATE A UCL CLAIM ....................................18

V.  CONCLUSION....................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Target Corp.*,
2013 WL 4734123 (E.D. Wash. July 10, 2013) ..................................................................... 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................................... 7

*Beco Constr. Co. v. Bannock Paving Co.*,
797 P.2d 863 (Idaho 1990) ................................................................................................. 11, 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................................ 7, 15

*Benavidez v. County of San Diego*,
993 F.3d 1134 (9th Cir. 2021) .................................................................................................. 7

*Coal for a Sustainable Delta v. John McCamman*,
725 F. Supp. 2d 1162 (E.D. Cal. 2010) .................................................................................. 10

*Cousineau v. Microsoft Corp.*,
992 F. Supp. 2d 1116 (W.D. Wash. 2012) ........................................................................ 13, 14

*Custom Packaging Supply, Inc. v. Phillips*,
2015 WL 8334793 (C.D. Cal. Dec. 7, 2015) .......................................................................... 18

*Davis v. HSBC Bank Nev., N.A.*,
691 F.3d 1152 (9th Cir. 2012) ................................................................................................ 19

*DBSI Signature Place, LLC v. BL Greensboro, L.P.*,
2006 WL 1275394 (D. Idaho May 9, 2006) ........................................................................... 13

*Dutta v. State Farm Mutual Auto. Ins. Co.*,
895 F.3d 1166 (9th Cir. 2018) .................................................................................................. 8

*Edwards v. First American Corp.*,
610 F.3d 514 (9th Cir. 2010) ............................................................................................... 1, 9

*Enki Corp. v. Freedman*,
2014 WL 261798 (N.D. Cal. Jan. 23, 2014) ........................................................................... 18

*In re Facebook Internet Tracking Litig.*,
140 F. Supp. 3d 922 (N.D. Cal. 2015) ...................................................................................... 9

*In re Facebook Privacy Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011) .................................................................................... 19

KOCHAVA INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT PURSUANT TO FRCP 12(b)(6) AND RULE 12(b)(1)

*Facebook, Inc. v. Power Ventures, Inc.*,
    2010 WL 3291750 (N.D. Cal. July 20, 2010) ................................................................. 18

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) .............................................................................................. 1, 7, 8

*FTC v. Kochava Inc.*,
    No. 2:22-cv-00377-BLW (Dist. Idaho), Docket No. 1 ....................................... *passim*

*Gaos v. Google Inc.*,
    2012 WL 1094646, *3 (N.D. Cal. Mar. 29, 2012) ............................................................ 9

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
    105 Wash. 2d 778 (1986) .......................................................................................... 2, 13

*Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC*,
    134 Wash. App. 210, 135 P.3d 499 (2006) ................................................................... 15

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*,
    162 Wash. 2d 59 (2007) ............................................................................................... 14

*In re iPhone Application Litig.*,
    2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ..................................................... 3, 9, 17

*Keyes v. Bollinger*,
    31 Wash. App. 286 (1982) ............................................................................................ 13

*Kwan v. SanMedica International*,
    854 F.3d 1088 (9th Cir. 2017) ........................................................................................ 7

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) .............................................................................................. 3, 19

*LaCourt v. Specific Media, Inc.*,
    2011 U.S. Dist. LEXIS 50543 (C.D. Cal. Apr. 28, 2011) ............................................... 9

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
    350 F.3d 1018 (9th Cir. 2003) ......................................................................... 2, 7, 8, 16

*Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ........................................................................................................ 11

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. 2012) .......................................................................... 9

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .................................................................................................. 7, 10

*Manzarek v. St. Paul Fire & Marine Insurance Co.*,
    519 F.3d 1025 (9th Cir. 2008) ........................................................................................ 7

KOCHAVA INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT PURSUANT TO FRCP 12(b)(6) AND RULE 12(b)(1)

*Med. Recovery Servs., LLC v. Bonneville Billing & Collections, Inc.*,
    355 P.3d 802 (Idaho 2014) ............................................................................................12

*Nguyen v. Doak Homes, Inc.*,
    140 Wash. App. 726 (2007) ...........................................................................................13

*Peterson v. Cellco P'ship*,
    164 Cal. App. 4th 1583 (2008) ......................................................................................19

*Robinson v. Avis Rent A Car Sys., Inc.*,
    106 Wash. App. 104 (2001) ........................................................................................2, 13

*Rojas-Lozano v. Google, Inc.*,
    159 F. Supp. 3d 1101 (N.D. Cal. 2016) ........................................................................18

*Rubio v. Cap. One Bank*,
    613 F.3d 1195 (9th Cir. 2010) .......................................................................................19

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*,
    72 Cal. App. 4th 861 (1999) ..........................................................................................19

*Simon v. E. Ky. Welfare Rights Org.*,
    426 U.S. 26 (1976) .....................................................................................................2, 10

*In re Smartphone Geolocation Data Application*,
    977 F. Supp. 2d 129 (E.D.N.Y. 2013) .....................................................................15, 16

*Spokeo v. Robins*,
    578 U.S. 330 (2016) ........................................................................................................8

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) .....................................................................................................6, 10

*Stephens v. Omni Ins. Co.*,
    138 Wash. App. 151 (2007) ........................................................................................2, 15

*Thompson v. Home Depot, Inc.*,
    2007 WL 2746603 (S.D. Cal. Sept. 18, 2007) ..............................................................19

*Tomasella v. Nestle USA, Inc.*,
    962 F.3d 60 (1st Cir. 2020) ...........................................................................................13

*W. Watersheds Project v. Bernhardt*,
    519 F. Supp. 3d 763 (D. Idaho 2021) ...........................................................................10

*Wadsworth & Reese, PLLC v. Siddoway & Co.*,
    445 P.3d 1090 (Idaho 2019) ........................................................................................2, 11

*In re Zappos.com, Inc.*,
    108 F. Supp. 3d 949 (D. Nev. June 1, 2015) ..................................................................9

KOCHAVA INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT PURSUANT TO FRCP 12(b)(6) AND RULE 12(b)(1)

**Statutes**

15 U.S.C. §45(a) Section 5........................................................................................4, 5, 6

Cal. Bus. & Prof. Code § 17204............................................................................3, 19

Cal. Penal Code § 502(c)(1).......................................................................................17

Cal. Penal Code § 502(c)(2).......................................................................................17

Cal. Penal Code § 502(c)(7).......................................................................................17

California Computer Data Access and Fraud Act, Cal. Penal Code § 502 ....................1, 17, 18

California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ..................1, 18

CDAFA ................................................................................................................*passim*

FTC Act Section 13(b), 15 U.S.C. §53(b) ....................................................................4

RCW §§ 19.86.020.................................................................................................2, 13

RCW §§ 19.86.090.....................................................................................................13

Stored Communications Act ........................................................................................9

UCL ....................................................................................................................*passim*

Va. Code Ann. § 59.1-575 (2023) ................................................................................3

Washington Consumer Protection Act, RCW 19.86.010, *et seq.*...............................1

WCPA ................................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 12(b)(1).................................................................................................6

Fed. R. Civ. P. 12(b)(6).................................................................................................7

I.       INTRODUCTION

Plaintiffs purport to bring this putative class action on behalf of themselves and "all persons in the United States," as well as two subclasses representing "all Class members who reside in the State of Washington" and "the State of California" on Plaintiffs' claims for unjust enrichment and alleged violations of the Washington Consumer Protection Act, RCW 19.86.010, *et seq.* ("WCPA"), the California Computer Data Access and Fraud Act, Cal. Penal Code § 502 ("CDAFA"), and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"). FAC at ¶¶ 1, 37-39, 46-76. The allegations generally revolve around Plaintiffs' incorrect allegations that Kochava collects and sells geolocation data without consent.

*First*, all of Plaintiffs' claims fail because they lack Article III standing: Plaintiffs cannot show (1) they suffered an "injury in fact," (2) that is fairly traceable to Kochava's conduct and (3) will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). Plaintiffs fail to show a concrete and particularized injury to themselves that resulted from the alleged violations. Plaintiffs' sole allegations of claimed injury and harm are conclusory and insufficient: Plaintiffs either recite the FTC's non-specific Complaint filed in *FTC v. Kochava Inc.*, No. 2:22-cv-00377-BLW (Dist. Idaho), Docket No. 1 ("FTC Complaint") verbatim or they conclusorily allege that "Defendant's conduct has the capacity to, and has actually caused injury not only to Plaintiffs, but to thousands of others in Washington and around the country." *See* FAC at ¶¶ 11-36 & 56. Conspicuously, the FAC fails to show that the alleged statutory violations affected Plaintiffs and Class Members *themselve*s. Plaintiffs fail to allege any specific instances of locations where they or other Class Members were "tracked," or other injury that is specific to Plaintiffs. These failures are fatal to Plaintiffs' FAC.

*Second*, Plaintiffs' allegations illustrate that they cannot establish any causal connection between any injury to Plaintiffs and Kochava's alleged unlawful conduct. In fact, Plaintiffs' own allegations establish that the conduct at issue originated not with Kochava, but with other third parties, thereby dooming Plaintiffs' standing. Additionally, Plaintiffs have not pled any facts to show that they are "realistically threatened by a repetition" of the damage that is "likely to be

redressed by a favorable decision" to warrant injunctive relief. The fact that the Kochava Data Sample is no longer available as admitted by Plaintiffs, coupled with the introduction of the Privacy Block feature that preserves the privacy of consumers with respect to sensitive locations, makes it evident that Plaintiffs are unable to allege the threat of repeated injury. This precludes injunctive relief. *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 41 (1976). Accordingly, a plaintiff who fails to show that he "personally ha[s] been injured" cannot seek relief for himself or any other putative class member. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003). As such, all of Plaintiffs' claims are barred because they cannot establish standing.

*Third*, Plaintiffs cannot legitimately plead the elements of their four claims against Kochava, which fail as a matter of law because Plaintiffs do not, and cannot, allege a direct relationship existed between themselves and Kochava. Indeed, Plaintiffs admit that their data was allegedly acquired through their use of third party apps on their mobile device. *See* FAC at. ¶¶ 7-10. Further, as to Plaintiffs' unjust enrichment claim, Plaintiffs fail to allege that they have conferred a benefit on Kochava and fail to allege inequity. Thus, the unjust enrichment claim fails. *Wadsworth & Reese, PLLC v. Siddoway & Co.*, 445 P.3d 1090, 1098 (Idaho 2019).

*Fourth*, Plaintiffs fail to sufficiently plead the elements for their WCPA claim, which fails as a matter of law because Plaintiffs have not alleged either an injury to "business or property", an "unfair or deceptive [] practice[]", or requisite "causation." RCW §§ 19.86.020, 19.86.090; *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780 (1986); *Robinson v. Avis Rent A Car Sys., Inc.*, 106 Wash. App. 104, 114 (2001). The FAC lacks any "specific facts demonstrating" that Plaintiffs and Class Members "actually sustained injury." Plaintiffs' allegations in the FAC are parroted from the FTC Complaint and are entirely hypothetical. *See* FAC at ¶¶ 11-36 & 55. Such entirely theoretical, inchoate risk of future harm is plainly insufficient to state a WCPA claim. Further, Plaintiffs fail to adequately allege any unfair or deceptive acts or practices by Kochava because they fail to allege any misrepresentations of material importance. *See Stephens v. Omni Ins. Co.*, 138 Wash. App. 151, 166 (2007) (Although WCPA does not define an unfair or deceptive act, "implicit in that term is 'the understanding that

the actor *misrepresented* something of material importance.'") (emphasis in original).

*Fifth*, Plaintiffs' CDAFA claim fails because all of the subsections of CDAFA alleged in the FAC require a showing that Kochava acted "without permission," a requirement that Plaintiffs cannot satisfy because Plaintiffs concede consent. Cal. Penal Code § 502(c)(1), (2), and (7); *see In re iPhone Application Litig.*, 2011 WL 4403963, at *13 (N.D. Cal. Sept. 20, 2011).

*Finally*, Plaintiffs' UCL claims alleging unfair and unlawful practices both fail for lack of statutory standing because Plaintiffs fail to allege that they suffered injury in fact and lost money or property as a result of the alleged unfair competition. Cal. Bus. & Prof. Code § 17204; *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011).

## II.    BACKGROUND AND PLAINTIFFS' ALLEGATIONS

### A.    Kochava and the Kochava Collective

Kochava provides a range of digital analytics services to its clients, including the Kochava Collective[1] that serves as an aggregator of certain data made available through Kochava's proprietary data marketplace ("the Marketplace"). Plaintiffs' FAC is concerned with alleged precise[2] geolocation data that Plaintiffs (incorrectly) allege Kochava acquires and sells to its customers. FAC at ¶ 7. Plaintiffs acknowledge that Kochava obtains the data from third parties. *Id.* at ¶ 9.

/ / /

---

[1] Kochava populates the Collective with audience data received with consent from device users and third-party suppliers.

[2] The FAC alleges that Kochava sells "timestamped latitude and longitude coordinates … associated with a 'device_id_value,' which is also known as a Mobile Advertising ID ("MAID"). FAC at ¶ 14. The FAC also alleges that "precise geolocation data [is] associated with MAIDs …. [and] may be used to track consumers to sensitive locations." *Id.* at ¶ 24. Plaintiffs thus misrepresent the truth by alleging that the timestamped latitude and longitude coordinates are the same as "precise geolocation data," which is simply incorrect. "'Precise geolocation data' means information derived from technology, including but not limited to global positioning system ["GPS"] level latitude and longitude coordinates or other mechanisms, that *directly identifies the specific location* of a *natural person* with precision and accuracy within a radius of 1,750 feet." Va. Code Ann. § 59.1-575 (2023)(emphasis added). Thus, precise geolocation data is akin to GPS' real-time coordinates of an individual's location, which is not the case here because Kochava does not provide real-time coordinates as Plaintiffs themselves concede, "the data is gathered in the seven days prior to the date Kochava approved the subscription request." FAC at ¶ 23.

**B.      Kochava's Complaint against the FTC**

On August 12, 2022, Kochava filed a lawsuit against the FTC for declaratory judgment and injunctive relief, seeking adjudication that Kochava did not violate any laws. *See Kochava, Inc. v. Federal Trade Commission*, No. 2:22-cv-00349-BLW (Dist. Idaho), Docket No. 1 ("Kochava Complaint"). In its Complaint, Kochava seeks a declaration that: (1) the FTC's structure violates Article II of the Constitution by providing improper insulation from the president, and Kochava's due process rights would be violated through any administrative proceeding; (2) Section 13(b) of the FTC Act, 15 U.S.C. §53(b) only authorizes the FTC to seek injunctive relief if and when the target is violating, or is about to violate, any provision of law enforced by the FTC and does not authorize the FTC to seek injunctive relief for past conduct that has ceased absent evidence that it is likely to recur; and (3) Kochava's practice of data collection, specifically of latitude and longitude, IP address and MAID information associated with a consumer's device is not an "unfair… act or practice" within the meaning of Section 5 of 15 U.S.C. §45(a). *See id*.

The FTC filed a separate Complaint against Kochava a few days after Kochava filed its Complaint against the FTC. The FTC seeks to enjoin Kochava's business activities by attempting to hold Kochava liable for purported violations of non-existent laws and regulations, and for alleged past conduct. Because no law prohibits the alleged business activities, the FTC is creating new law and therefore vaguely and broadly alleges that Kochava has committed "unfair or deceptive trade practices" in violation of Section 5(a) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §45(a). Following the FTC's Complaint (which is the subject of a pending motion to dismiss for, *inter alia*, failing to state a claim under any cognizable law or regulation), Plaintiffs filed the instant copycat lawsuit that parrots the FTC's allegations in their entirety (*compare* FAC at ¶¶ 11-36 *with* the FTC Complaint, ¶ 7-32), shoehorning them into their unjust enrichment, WCPA, CDAFA, and UCL claims that have no basis in the law.

**C.      Plaintiffs' Allegations in the FAC Are Identical to the FTC's Allegations**

In this matter, Plaintiffs' entire "Factual Allegations" section in the FAC is a verbatim recitation of the FTC Complaint. *Compare* FAC at ¶¶ 11-36 *with* the FTC Complaint at ¶¶ 7-32.

Plaintiffs recite the allegations from the FTC Complaint that relate to the FTC's claim for injunctive relief in connection with Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), but Plaintiffs fail to allege how these allegations relate to them or cause them injury.

According to the FAC: The Marketplace contains only raw data, which may include latitude and longitude coordinates and Mobile Advertising Identifier ("MAID") associated with a device and which may be used by third parties for advertising and mobile analytics. As Plaintiffs explain, a MAID is a unique identifier assigned to a mobile device to assist marketers in advertising. Although latitude and longitude coordinates and MAID are data points that are part of the data feed in the Marketplace, Kochava does not uniquely identify end users. FAC at ¶¶ 13-15. And, as Plaintiffs acknowledge, a MAID can be changed by a consumer. *Id*. at ¶ 14.

Plaintiffs allege that Kochava provides public access to certain (non-end user) data but the only instance of such purported conduct (which is not a violation of law in any event) in the FAC – a free data sample on the AWS Marketplace ("Kochava Data Sample") – is no longer available. FAC at ¶¶ 16-23. As Plaintiffs acknowledge, "the Kochava Data Sample was available on the AWS Marketplace until approximately June 2022." *Id.* at ¶ 17.

Plaintiffs allege that the sample "included precise location data gathered in *the seven days prior to the date Kochava approved the subscription request*." FAC at ¶ 23 (emphasis added). But, unlike a GPS tool providing real-time location information, the purported sample location data does not contain precise geolocation data because as Plaintiffs concede, "the data is gathered in the seven days prior to the date Kochava approved the subscription request." *See id*. This latency means, by definition, that the conjectural harms arising out of real-time location data alleged by Plaintiffs are implausible, and cannot and do not actually materialize. Nor is this a violation of any law, anyway.

Plaintiffs claim that said precise geolocation data is associated with MAIDs and this combination makes it possible to track "consumers" (not Plaintiffs) to sensitive locations. *Id.* at ¶ 24. Plaintiffs also claim that, because each set of coordinates is time-stamped, it is possible to identify when a mobile device visited the location. *Id.* at ¶ 25. Plaintiffs thus wrongly and

speciously conclude that Kochava employs no technical controls to prohibit its customers from identifying consumers or tracking them to sensitive locations.[3] *Id.* at ¶ 27. Kochava does not sell a *combined* set of geolocation data, MAIDs, or other data points that would allow third parties to identify and track end users to alleged sensitive locations. In fact, Plaintiffs acknowledge that some other unspecified data brokers, and not Kochava, "advertise services to match MAIDs with 'offline' information, such as consumers' names and physical addresses." *Id.* at ¶ 25.

Plaintiffs' sole factual allegations in the FAC as to *their* alleged injury is that "Defendant sold [their] data, including but not limited to [Plaintiffs'] geolocation data, that Defendant acquired through [Plaintiffs'] use of a *third party* application on [their] mobile device." *Id.* at ¶¶ 7-10 (emphasis added). Plaintiffs fail to provide any allegations whatsoever as to how Kochava acquired their data through any application. *See id.* On the basis of these barebones allegations and the FTC's allegations, Plaintiffs bring their four claims against Kochava. . However, other than recitation of statutory language and formulaic recitation of legal elements, Plaintiffs' allegations are conclusory and factually devoid, and thus insufficient to state a claim. *See id.*

Plaintiffs offer no specific facts about themselves or other Class Members, or their alleged injuries. Plaintiffs fail to allege how Kochava purportedly acquired Plaintiffs' and Class Members' data through "a third party application on [their] mobile devices." *See* FAC at ¶¶ 7-10. Plaintiffs provide no details whatsoever as to location information Kochava allegedly collected from them and Class Members or what Kochava allegedly did with the data vis à vis locations identified as "sensitive" by the FTC. *See id.* at ¶¶ 11-36. Notably, Plaintiffs do not contend that they or Class Members actually visited any of the purported sensitive locations, much less that Kochava tracked them there.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires dismissal for lack of subject matter jurisdiction where the plaintiff fails to allege all the elements of Article III standing. *Steel Co. v.*

---

[3] Kochava also introduced a proprietary Privacy Block feature that enables location insights for marketing and business intelligence use cases while preserving the privacy of consumers with respect to sensitive locations.

*Citizens for a Better Env't*, 523 U.S. 83, 109-10 (1998). Specifically, a plaintiff must show: (1) an injury in fact that is concrete and particularized, as well as actual and imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely (not merely speculative) that injury will be redressed by a favorable decision. *Friends of the Earth, Inc.*, 538 U.S. at 180-81. A plaintiff must demonstrate standing separately for each form of relief she seeks. *Id.* at 185. Further, in a putative class action setting, at least one named plaintiff must demonstrate Article III standing for the case to proceed. *Lierboe*, 350 F.3d at 1022. The party seeking to invoke federal jurisdiction bears the burden to establish the elements of constitutional standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992).

At the pleading stage, Rule 12(b)(6) allows the Court to dispense with spurious or legally flawed complaints before the parties begin the expensive and burdensome discovery process, particularly in a putative class action like this one. To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim only has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A claim is properly dismissed where, under the applicable law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. While the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Insurance Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted), mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Legal conclusions are insufficient but rather must be supported by factual allegations, *Kwan v. SanMedica International*, 854 F.3d 1088, 1096 (9th Cir. 2017), and "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss," *Benavidez v. County of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) (quoting *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)). A plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me-

accusation." *Iqbal,* 556 U.S. at 678.

## IV.   LEGAL ARGUMENT

### A.   Plaintiffs Lack Article III Standing

Plaintiffs lack Article III standing because they fail to allege (1) they suffered an "injury in fact," (2) that is fairly traceable to the defendant's conduct and (3) will be redressed by a favorable decision. *Spokeo v. Robins*, 578 U.S. 330 (2016); *Friends of the Earth, Inc.*, 528 U.S. at 180-81. A plaintiff who fails to show that she "personally ha[s] been injured" cannot seek relief for herself or any other putative class member. *Lierboe*, 350 F.3d at 1022.

#### 1.   Plaintiffs cannot establish that they suffered an injury in fact

To establish an injury in fact, a plaintiff must show that she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560). A particularized injury is one that affects the plaintiff in a "personal and individual way." *Id.*; *see also Dutta v. State Farm Mutual Auto. Ins. Co*., 895 F.3d 1166, 1173 (9th Cir. 2018). A concrete injury is one that is "real and not abstract." *Spokeo*, 578 U.S. at 339.

Plaintiffs cannot establish that they suffered an injury in fact because they cannot show a concrete and particularized harm. Plaintiffs' sole allegations of claimed injury and harm are conclusory and insufficient: Plaintiffs either recite the FTC Complaint—which does not specify any particularized harm to any individual, much less Plaintiffs—verbatim, or they conclusorily allege that "Defendant's conduct has the capacity to, and has actually caused injury not only to Plaintiffs, but to thousands of others in Washington and around the country." *See* FAC at ¶¶ 11-36 & 56. In fact, other than conclusory allegations that "Defendant has been unjustly enriched in retaining the revenues derived from the sale of Plaintiffs' and Class members' data" and that "Plaintiffs and the Class were injured as a result of the Defendant's conduct, and suffered ascertainable monetary loss" (FAC at ¶¶ 50 & 57), Plaintiffs fail to connect the value in the data allegedly collected by Kochava to a realistic economic or other harm or loss that is attributable to Kochava's alleged conduct. For example, Plaintiffs cannot plausibly allege, for the purposes of

Article III standing, that they personally lost the opportunity to sell their data or that the value of their data was somehow diminished after it was purportedly collected and sold by Kochava.

Relatedly, Plaintiffs have no standing for any of their claims because the FAC fails to show that the alleged violations affected Plaintiffs and Class Members themselves[4]. *Edwards v. First American Corp.*, 610 F.3d 514, 517 (9th Cir. 2010) (Article III standing only where "the constitutional or statutory provision on which the claim rests properly can be understood as granting persons <u>in the plaintiff's position</u> a right to judicial relief") (emphasis added) (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). Plaintiffs' generalized pleading fails to satisfy the injury-in-fact requirement that Plaintiffs must be harmed personally and courts routinely dismiss such insufficiently pled complaints[5]. Not only Plaintiffs' allegations fail to state a violation of any of their claims (as discussed below), Plaintiffs also fail to allege that they or any Class Member have been tracked to any of the sensitive locations (or any locations for that matter) through the proscribed means under any applicable law. Further, Plaintiffs fail to allege any specific instances of locations where they or other Class Members were "tracked," or other injury that is specific to Plaintiffs. Plaintiffs do not even allege how or what data Kochava acquired from the third party apps they allegedly use.

Further undermining Plaintiffs' claimed injury is the fact that Plaintiffs and Class Members concede that they downloaded "a third party application" on their mobile devices and therefore, if

---

[4] Courts find allegations of distinct and palpable injury only when, unlike here, the pleadings allege specific harm to the plaintiff caused by the alleged violations. *See Gaos v. Google Inc.* (the Court dismissed six of the plaintiff's seven claims for failure to allege injury in fact, but found standing for the Stored Communications Act ("SCA") claim because the plaintiff, by "explain[ing] how and by whom that disclosure was made," showed that under the SCA's private right of action, "the injury she suffered was specific to her." 2012 WL 1094646, *3 (N.D. Cal. Mar. 29, 2012); *see also Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1021 (N.D. Cal. 2012).

[5] *See In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922, 930 (N.D. Cal. 2015); *Low*, 900 F. Supp. at 1021; *LaCourt v. Specific Media, Inc.*, 2011 U.S. Dist. LEXIS 50543, at *11-12 (C.D. Cal. Apr. 28, 2011); *see also In re Zappos.com, Inc.*, 108 F. Supp. 3d 949 (D. Nev. June 1, 2015) (no injury-in-fact where "Plaintiffs do not allege any facts explaining how their personal information became less valuable . . . or that they attempted to sell their information and were rebuffed because of a lower price-point"); *In re iPhone App. Litig.*, 2011 WL 4403963, at *5-6 (N.D. Cal. Sept. 20, 2011) (dismissing claims for lack of standing).

any data was collected by these third party applications (and not Kochava), it was because Plaintiffs and Class Members failed to opt-out from the data collection by simply disabling location tracking settings on their mobile devices. *See* FAC at ¶¶ 7-10.

### 2.     Plaintiffs cannot show a causal connection

Article III requires "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Lujan*, 504 U.S. at 560-61 (quoting *Simon*, 426 U.S. at 41-42). Causation is lacking when an injury caused by a third party is too tenuously connected to the defendant's act. *Coal for a Sustainable Delta v. John McCamman*, 725 F. Supp. 2d 1162, 1192 (E.D. Cal. 2010) (citing *Citizens for Better Forestry v. U.S. Dept. of Agric.*, 341 F.3d 961, 975 (9th Cir. 2003)).

Plaintiffs fail to establish the requisite causal connection between their claimed injury and Kochava's alleged conduct. As discussed above, Plaintiffs' generalized allegations are insufficient to establish a particularized injury *specific to Plaintiffs*. Moreover, Plaintiffs' own allegations establish that the conduct at issue originated not with Kochava, but with other third parties. *See* FAC at ¶¶ 7-10 (Plaintiffs' allegations showing that data was purportedly collected by way of "third party application[s] on [their] mobile device[s]"; while failing to allege Kochava is an app developer (which it is not).)

### 3.     Plaintiffs cannot establish redressability as to injunctive relief

Plaintiffs seek injunctive relief (FAC at ¶¶ 58, 67, 76 & 77(c)) and thus, they bear the burden of showing that they "personally would benefit in a tangible way" from the prospective injunctive relief they request. *Steel Co.*, 523 U.S. at 103 n.5. A plaintiff fails to establish "redressability" as to the request for injunctive relief when such plaintiff does not sufficiently allege that she is "realistically threatened by a repetition" of the damage that is "likely to be redressed by a favorable decision" by the court. *See Simon*, 426 U.S. at 38, 41.

Plaintiffs have not pled any facts to show that they are "realistically threated by a repetition" of the damage that is "likely to be redressed by a favorable decision" by the court. *See Simon*, 426

-10-

KOCHAVA INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT PURSUANT TO FRCP 12(b)(6) AND RULE 12(b)(1)

U.S. 26 at 38, 41; *W. Watersheds Project v. Bernhardt,* 519 F. Supp. 3d 763, 783 (D. Idaho 2021). In fact, Plaintiffs plead the opposite: that the Kochava Data Sample, which is the sole basis of Plaintiffs' allegations herein, is no longer available. FAC at ¶¶ 13, 16-23. As Plaintiffs acknowledge, "the Kochava Data Sample was available on the AWS Marketplace until approximately June 2022." *Id.* at ¶ 17. Where standing is premised entirely on the threat of repeated injury, a plaintiff must show "a sufficient likelihood that he will again be wronged in a similar way." *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). The fact that the Kochava Data Sample is no longer available, coupled with the introduction of the Privacy Block feature that preserves the privacy of consumers with respect to sensitive locations, makes it evident that Plaintiffs are unable to allege the realistic threat of repeated injury.

## B.   Plaintiffs Cannot State a Claim for Unjust Enrichment

In Idaho, "[u]njust enrichment occurs where (1) the plaintiff confers a benefit on the defendant; (2) the defendant appreciates the benefit; and (3) the defendant's acceptance of the benefit is inequitable without payment to the plaintiff for the benefit's value." *Wadsworth & Reese, PLLC*, 445 P.3d at 1098. Because Plaintiffs fail to allege that they have conferred a benefit on Kochava and fail to allege inequity, the unjust enrichment claim fails.

First, Plaintiffs' claim fails as a matter of law because they have had had no interaction or relationship with Kochava. Rather, Plaintiffs plainly state that other third party apps collected their geolocation data through their third party app and then somehow Kochava obtained it. FAC at ¶¶ 7-10. Plaintiffs concede "Defendant sold Plaintiff[s'] data, including but not limited to Plaintiff[s'] geolocation data, that Defendant acquired through Plaintiff[s'] use of a third party application on [their] mobile device[s]." *Id*. A claim for unjust enrichment requires the plaintiff to have a direct exchange with the defendant, not through a third party; otherwise the plaintiff's claim is too far removed to warrant liability on an unjust enrichment theory. *See Beco Constr. Co. v. Bannock Paving Co.*, 797 P.2d 863, 866-67 (Idaho 1990) ("existing Idaho law 'fails to recognize a cause of action under … the theory of … unjust enrichment where the alleged injured party has no relationship with the alleged injuring party.''). Plaintiffs do not plead that they interacted with or

provided their geolocation data to Kochava. To the contrary, Plaintiffs unequivocally allege the information was "acquired through Plaintiff[s'] use of a third party application on [their] mobile device[s]." FAC at ¶¶ 7-10. Plaintiffs identify third parties, not Kochava, who purportedly collected their geolocation data. *Id.* This dooms their claim as Plaintiffs fail to allege any interaction with Kochava.

Second, Plaintiffs cannot show that they conferred any benefit on Kochava to state this claim. For the purposes of an unjust enrichment claim, a benefit conferred on the defendant is one that "adds to the other's advantage." *Med. Recovery Servs., LLC v. Bonneville Billing & Collections, Inc.*, 355 P.3d 802, 805 (Idaho 2014). It is not enough for the plaintiff to allege she has lost money—she must allege her loss amounted to a benefit to the defendant. *Beco Constr. Co.*, 797 P.2d 863, 866-67 (Idaho 1990) ("Unjust enrichment is an equitable doctrine and is inapplicable where the plaintiff in an action fails to provide the proof necessary to establish the value of the benefit conferred upon the defendant ....") Plaintiffs' sole allegations in support of their unjust enrichment claim are conclusory: Plaintiffs vaguely allege they and Class Members "conferred a benefit upon Defendant", that "Defendant received the benefit of Plaintiffs' and the Class Members' personal location data at the expense of Plaintiffs and the Class Members," and that "Defendant has been unjustly enriched in retaining the revenues derived from the sale of Plaintiffs' and Class members' data." FAC at ¶¶ 48-50. Plaintiffs do not allege the value of the benefit conferred on Kochava, nor do they allege how Plaintiffs' geolocation data added to Kochava's advantage. Plaintiffs also do not allege any detriment or loss to themselves or Class Members in terms of value of the alleged geolocation data. Plaintiffs' conclusory allegations are insufficient to show that they or Class members conferred a benefit on Kochava.

Third, Plaintiffs have not properly alleged that equity requires Kochava to return the alleged revenues obtained from sale of Plaintiffs' and Class Members' location data. Plaintiffs cannot show that Kochava acted inequitably. Plaintiffs do not plead how Kochava's alleged receipt and possession of raw geolocation data is a violation of any law, much less an unjust enrichment to Kochava that is inequitable.

Finally, the Court's "equitable intervention is obviated when an adequate remedy at law is available to the plaintiff." *DBSI Signature Place, LLC v. BL Greensboro, L.P.*, 2006 WL 1275394, at *9 (D. Idaho May 9, 2006). Thus, a party with an adequate remedy at law cannot claim unjust enrichment. Specifically, [i]t is the availability of a remedy at law, not the viability of that remedy that prohibits a claim for unjust enrichment." *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 82-83 (1st Cir. 2020). WCPA, CDAFA and UCL claims provide Plaintiffs with "an adequate remedy at law" and therefore, their claim for unjust enrichment must fail as a matter of law. Although Plaintiffs' other claims are also flawed, it does not matter as it is "availability of a remedy at law, not the viability of that remedy" that prohibits a claim for unjust enrichment. *See Tomasella*, 962 F.3d at 82-83; *DBSI Signature Place, LLC*, 2006 WL 1275394, at *9.

### C.      Plaintiffs Cannot State a WCPA Claim

To state a claim under WCPA, a plaintiff must establish (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) public interest impact, (4) injury to plaintiff's business or property, and (5) causation. *Hangman Ridge Training Stables, Inc.*, 105 Wash. 2d at 780. "If any element is not satisfied, there can be no successful WCPA claim." *Robinson*, 106 Wash. App. At 114; *accord Nguyen v. Doak Homes, Inc.*, 140 Wash. App. 726, 733 (2007). Here, the FAC fails to adequately plead a WCPA violation because Plaintiffs have not alleged either an injury to "business or property", an "unfair or deceptive [] practice[]", or requisite "causation." *See* RCW §§ 19.86.020, 19.86.090.

### 1.      Plaintiffs suffered no cognizable injury caused by Kochava

To recover under WCPA, "a plaintiff must suffer [an] injury to his 'business or property.'" *Keyes v. Bollinger*, 31 Wash. App. 286, 295 (1982). The injury to business or property is "a crucial element of a CPA claim." *Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1128 (W.D. Wash. 2012). Mere allegations of "possible injury" to business or property at "some undefined point in the future" do not suffice. *Alvarez v. Target Corp.*, 2013 WL 4734123, at *7 (E.D. Wash. July 10, 2013). Instead, a plaintiff must show "specific facts demonstrating that" the plaintiff "actually

sustained injury." *Cousineau*, 992 F. Supp. 2d at 1128; *Hangman*, 105 Wash. 2d at 792 (injury "must be established"). Further, to show causation, "[a] plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wash. 2d 59, 83 (2007).

As discussed above, the FAC fails to allege any injury sustained by Plaintiffs or Class Members themselves, let alone that the injury was caused by Kochava. The FAC lacks any "specific facts demonstrating" that Plaintiffs and Class Members "actually sustained injury." Plaintiffs' sole allegations of claimed injury and harm are conclusory and insufficient: Plaintiffs either recite the FTC Complaint—which does not specify any particularized harm to any individual, much less Plaintiffs—verbatim, or they conclusorily allege that "Defendant's conduct has the capacity to, and has actually caused injury not only to Plaintiffs, but to thousands of others in Washington and around the country." *See* FAC at ¶¶ 11-36 & 56. An entirely theoretical, inchoate risk of future harm is plainly insufficient to state a WCPA claim.

The court in *Cousineau* dismissed a WCPA claim for a comparable failure to allege injury. There, a smartphone user claimed that Microsoft violated the WCPA by transmitting geolocation data from the smartphone even after she disabled that function. 992 F. Supp. 2d at 1128. The plaintiff claimed that the unwanted transmission "caused a diminution" in her data plan. *Id.* But she failed to provide any support for the assertion that the covert tracking diminished the phone's market value, which left the allegations "too nebulous to demonstrate" that she "actually sustained injury." *Id.* Plaintiffs' allegations here suffer from the same fatal flaw: Plaintiffs fail to allege that they or any Class Member has been tracked to any of the sensitive locations (or any locations for that matter) through the proscribed means under any applicable law. Further, Plaintiffs fail to allege any specific instances of locations where they or other Class Members were "tracked," or other injury that is specific to Plaintiffs. Plaintiffs do not even allege how Kochava acquired their data from the third party apps they allegedly use.  Plaintiffs also fail to allege how the alleged tracking or sale of their data resulted in a loss of value to them.

Further undermining Plaintiffs' WCPA claim is the fact that Plaintiffs unequivocally allege

the information was "acquired through Plaintiff[s'] use of a third party application on [their] mobile device[s]." FAC at ¶¶ 7-10. Plaintiffs identify third parties (and not Kochava) who purportedly collected their geolocation data through Plaintiff's *voluntary* use of their apps. *Id.* Plaintiffs cannot show causation by Kochava.

### 2.  Plaintiffs cannot allege "unfair or deceptive acts"

Plaintiffs' failure to allege any actual injury dooms their WCPA claim. But they also fail to adequately allege any unfair or deceptive acts or practices by Kochava. Although the WCPA does not define an unfair or deceptive act, "implicit in that term is 'the understanding that the actor *misrepresented* something of material importance.'" *Stephens v. Omni Ins. Co.*, 138 Wash. App. 151, 166 (2007) (emphasis in original). "Implicit in the definition of 'deceptive' under the WCPA is the understanding that the practice misleads or misrepresents something of material importance." *Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC*, 134 Wash. App. 210, 226, 135 P.3d 499 (2006). The FAC does not allege such a misrepresentation.

Other than the recitation of the FTC Complaint verbatim and their vague and generalized allegations that "Defendant's actions as set forth above occurred in the conduct of trade or commerce, and constitute unfair or deceptive trade practices under the WCPA" (FAC at ¶ 56), Plaintiffs' FAC is devoid of a single allegation regarding Kochava's alleged misrepresentations. Plaintiffs resort to conclusory labels to create the appearance of impropriety by reciting the FTC Complaint and reciting the statutory language that the practices complained of are "unfair or deceptive." *See id.* This is insufficient. *See Twombly*, 550 U.S. at 555 ("A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."). Plaintiffs do not even attempt to explain how Kochava obtains Plaintiffs' geolocation data from third party applications. *See* FAC at ¶¶ 7-10.

Furthermore, Plaintiffs' conclusory allegations regarding geolocation data are not "unfair or deceptive" practices under WCPA as a matter of law. Geolocation data services are an integral part of our modern lives, with indisputable benefits for companies and consumers alike. *See In re Smartphone Geolocation Data Application*, 977 F. Supp. 2d 129, 138-139 (E.D.N.Y.

-15-

KOCHAVA INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT PURSUANT TO FRCP 12(b)(6) AND RULE 12(b)(1)

2013) ("Geolocation technology provides a broad range of functions, from the vital to the prosaic"; listing vital services such as "enhanced 9–1–1 systems transmit geolocation data to 9–1–1 dispatchers"; "turn-by-turn driving directions", "localized weather information"; "recovery of lost or stolen smartphones"; "parental monitoring of children"; and "allowing advertisers access to geolocation data to promote nearby businesses."). Geolocation services serve pro-competitive, legitimate, and essential purposes in the modern-day commerce ecosystem. *Id.*

Plaintiffs also allege that Kochava violated WCPA because it "sold Plaintiff[s'] data, including but not limited to [their] geolocation data, that [Kochava] acquired through Plaintiff[s'] use of a third party application on [their] mobile device[s]." FAC at ¶¶ 7-10. Kochava receives data points, such as latitude and longitude coordinates and MAIDs (if permitted by a user) associated with a device and which may be used by third parties for advertising and mobile analytics from other data brokers. A MAID is a unique identifier assigned to a mobile device to assist marketers for the purpose of advertising. Although latitude and longitude coordinates and MAID are data points that are available in the Marketplace, Kochava does not uniquely identify end users. In other words, Kochava does not identify the location associated with latitude and longitude, nor does Kochava identify the consumer associated with the MAID. Kochava does not collect a ***combined*** set of geolocation data, MAIDs, or other data points that would allow third parties to identify and track end users to alleged sensitive locations. Plaintiffs' allegations of tracking to sensitive locations is based on conduct of unknown third parties who *may* allegedly access the raw data and analyze it together with a secondary set of data to come up with a location that could be considered sensitive by a consumer. Plaintiffs' allegations do not attribute to Kochava any "deceptive" or "unfair" conduct arising out of a misrepresentation to Plaintiffs—triangulating Plaintiffs' identity with their timestamped locations in order to track them to sensitive locations.

Plaintiffs merely cite to pending litigation between the FTC and Kochava for the conclusion that Kochava has violated WCPA. *See* FAC at ¶¶ 11-36. Plaintiffs' entire claim for this statutory violation rests on pending, un-adjudicated litigation where there has been no finding of unfair or deceptive conduct. *See id.* Accordingly, without a sufficient factual predicate, Plaintiffs' WCPA

claim fails.  And, to represent a class, Plaintiffs first must have viable claims of their own. *See, e.g.*, *Lierboe*, 350 F.3d at 1022 (9th Cir. 2003) (if plaintiff has no claim "she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail"). Plaintiffs have not pled a viable WCPA claim because they were neither deceived nor harmed by Kochava.

### D.     Plaintiffs Cannot State a CDAFA Claim

Plaintiffs' allegations in the FAC cannot state a claim for violation of CDAFA, California Penal Code § 502. A claim under Section 502(c)(1) requires Plaintiffs to show that Kochava "knowingly and without permission alter[ed], damag[ed], delet[ed], destroy[ed], or otherwise us [ed] any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data." Cal. Penal Code § 502(c)(1). Section 502(c)(2) requires Plaintiffs to allege that Kochava "knowingly accesse[d] and without permission [took], copies, or [made] use of any data from a computer, computer system, or computer network, or [took] or copie[d] any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network." *Id.*, § 502(c)(2). Under Section 502(c)(7), Plaintiffs must show Kochava "knowingly and without permission accesse[d] or cause[d] to be accessed any computer, computer system, or computer network."

All of the subsections of CDAFA alleged by Plaintiffs in the FAC require a showing that Kochava acted "without permission," a requirement that Plaintiffs cannot satisfy. Cal. Penal Code § 502(c)(1), (2), and (7); *see In re iPhone Application Litig.*, 2011 WL 4403963, at *13 (defendants did not act "without permission" where Plaintiffs' phones "voluntarily" installed or updated defendants' software that contained allegedly "surreptitious code"). Plaintiffs' allegations merely recite the statutory language, claiming that Kochava "knowingly accessed and without permission. . ." "made use of[,]" "took [or] copied . . . data from Plaintiffs' and the class members' smartphones . . ." in violation of California Penal Code §§ 502(c)(1)-(2), (7). FAC at ¶¶ 63-65. But these conclusory allegations are insufficient to state this claim. Plaintiffs concede that they *voluntarily* downloaded "a third party application" on their mobile devices and therefore, if any data was

collected by these third party applications, it was because Plaintiffs and Class Members consented to any data collection and failed to opt out of the data collection or disable location tracking settings on their mobile devices. *See id.* at ¶¶ 7-10.

Further, Section 502 is a criminal "anti-hacking" statute, and courts interpret "without permission" narrowly. *Custom Packaging Supply, Inc. v. Phillips*, 2015 WL 8334793, at *3 (C.D. Cal. Dec. 7, 2015). Liability generally requires allegations that the defendant circumvented a technical or code-based barrier. *See, e.g., Facebook, Inc. v. Power Ventures, Inc.*, 2010 WL 3291750, at *11 (N.D. Cal. July 20, 2010); *Enki Corp. v. Freedman*, 2014 WL 261798, at *3 (N.D. Cal. Jan. 23, 2014) (dismissing for failure to allege circumvention of barrier). Plaintiffs fail to allege Kochava circumvented technical or code-based barrier, dooming Plaintiffs' CDAFA claim.

### E.    Plaintiffs Cannot State a UCL Claim

Plaintiffs allege violations of the UCL under unfair and unlawful prongs of the UCL. FAC at ¶¶ 68-76. Plaintiffs claim Kochava's conduct "with respect to tracking Plaintiffs' and the Class Members' geolocation data was unfair because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers," "because it violated public policy as declared by specific statutory or regulatory provisions, including but not limited to CDAFA," and "because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided." FAC at ¶¶ 71-73. Plaintiffs' unlawful business practices claim is based on Plaintiffs' CDAFA claim (*id.* at ¶ 74), which fails along with Plaintiff's UCL claim.

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each of the three 'prongs' of the UCL provides a 'separate and distinct theory of liability' and an independent basis for relief." *Rojas-Lozano v. Google, Inc.,* 159 F. Supp. 3d 1101, 1117 (N.D. Cal. 2016). The unlawful prong prohibits "anything that can be called a business practice and that at the same time is forbidden by law." *Id.* The unfair prong prohibits practices that "violate[ ] established public policy" or are "immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *Id.* (quoting *McKell*

*v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006)). Courts evaluate the unfair prong under a "balancing test" that weighs the utility of the practice against the "gravity of harm to the alleged victim." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012).

If Plaintiffs cannot allege both that they and Class Members suffered injury in fact and that they lost money or property as a result of an unlawful or unfair business practice, then Plaintiffs lack statutory standing to sue under the UCL. *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (2008); *accord Rubio v. Cap. One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010); *Kwikset*, 51 Cal. 4th at 323-24. Under § 17204, an injury in fact is defined as either "a distinct and palpable injury suffered as a result of the defendant's actions," or "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical," *see Peterson*, 164 Cal. App. at 1590, the latter of which is identical to the injury-in-fact standard for establishing constitutional standing, which Plaintiffs cannot establish.

Plaintiffs are also unable to allege loss of money or property because a plaintiff's "personal information" does not constitute property under the UCL. *Thompson v. Home Depot, Inc.*, 2007 WL 2746603, at *3 (S.D. Cal. Sept. 18, 2007). Plaintiffs cannot allege that Plaintiffs paid for the third party apps and/or any of Kochava's services and several courts have held that the unauthorized release of "personal information" does not constitute a loss of money or property to establish standing under the UCL. *See, e.g., In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 714-15 (N.D. Cal. 2011) (no money or property loss from sharing plaintiffs' "personally identifiable information" with third-party advertisers who sent plaintiffs targeted ads).

Further, Plaintiffs also fail to state their unfair business practices claim under the standard set forth in *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861 (1999), which held that "unfair" conduct occurs when that practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.* Other than recitation of the legal standard (FAC at ¶ 71), Plaintiffs fail to allege any facts to support their UCL claim under any test.

/ / /

## V.    CONCLUSION

For the reasons set forth above, Kochava respectfully requests that this Court dismiss Plaintiffs' FAC with prejudice.

Dated:   April 20, 2023                              Respectfully submitted,


By:   */s/ Craig J. Mariam*
        Craig J. Mariam
        GORDON REES SCULLY MANSUKHANI, LLP
        999 W. Main Street, Suite 100
        Boise, ID 83702
        (208) 489-9095
        *cmariam@grsm.com*

        **Attorneys for Defendant Kochava Inc.**

## **CERTIFICATE OF SERVICE**

On April 20, 2023, I caused a true and correct copy of the foregoing document to be served by email via Court's CM/ECF system on the parties who have appeared in this matter.


*/s/ Craig J. Mariam*
Craig J. Mariam, ISB No. 11061

KOCHAVA INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT PURSUANT TO FRCP 12(b)(6) AND RULE 12(b)(1)