CRAIG J. MARIAM, ISB NO. 11061
cmariam@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
999 W. Main Street, #100
Boise, ID 83702
Telephone:  (208) 489-9095
Facsimile:  (208) 957-5704

Attorneys for Defendant
KOCHAVA INC.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## NORTHERN (COEUR D'ALENE) DIVISION

| | |
|---|---|
| CINDY MURPHY, SCOTT CONNELLY, JENNY WATSON, and ADRIANA INGRAM, individually and on behalf of all others similarly situated, | CASE NO. 2:23-cv-00058-BLW |
| | Hon. B. Lynn Winmill |
| Plaintiffs, | |
| vs. | **DEFENDANT KOCHAVA INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** |
| KOCHAVA, INC., | |
| Defendant. | **[DEMAND FOR JURY TRIAL]** |

Defendant Kochava Inc. ("Kochava") hereby answers Plaintiffs Cindy Murphy's, Scott Connelly's, Jenny Watson's and Adriana Ingram's ("Plaintiffs") First Amended Class Action Complaint (the "FAC") as follows:

Except as otherwise expressly recognized herein, Kochava denies each and every allegation contained in the FAC.  Kochava states that the headings and sub-headings throughout the FAC do not constitute well-pled allegations of fact and therefore require no response. To the extent a response is required, Kochava denies the allegations in the headings and subheadings in the FAC. Kochava expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

1.        Responding to Paragraph 1, Kochava admits Plaintiffs purport to bring this action for violations of state law. Kochava denies that it violated any laws "in connection with Kochava's acquiring of consumers' precise geolocation data and selling the data in a format that allows entities to track the consumers' movements to and from sensitive locations, including, among others, locations associated with medical care, reproductive health, religious worship, mental health, temporary shelters, such as shelters for the homeless, domestic violence survivors, or other at-risk populations, and addiction recovery." Except as otherwise stated, Kochava denies the allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.        Paragraph 2 is a legal conclusion to which no response is required. To the extent a response is required, Kochava admits this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and that Plaintiffs are seeking damages in the FAC. The allegations relating to the amount of damages at issue in this case are a legal conclusion to which no response is required. To the extent a response is required, Kochava denies the allegations. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis denies those allegations.

3.        Paragraph 3 is a legal conclusion to which no response is required. To the extent a response is required, Kochava admits that Kochava conducts business in the State of Idaho and is headquartered in the State of Idaho. Except as otherwise stated, Kochava denies the allegations in Paragraph 3.

4.        Paragraph 4 is a legal conclusion to which no response is required. To the extent a response is required, Kochava admits that Kochava conducts business in the State of Idaho. Except as otherwise stated, Kochava denies the allegations in Paragraph 4.

5.        Paragraph 5 states conclusions of law to which no responsive pleading is required. Except as otherwise stated, Kochava denies the allegations in Paragraph 5.

/ / /

## PARTIES

6.      Kochava admits the allegations in Paragraph 6.

7.      Kochava denies that it sold Plaintiff Cindy Murphy's geolocation data that it obtained, without Plaintiff's knowledge or consent, from Plaintiff's use of the Amazon phone application and other applications. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and on that basis denies those allegations.

8.      Kochava denies that it sold Plaintiff Scott Connelly's geolocation data that it obtained, without Plaintiff's knowledge or consent, from Plaintiff's use of the McDonald's phone application. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and on that basis denies those allegations.

9.      Kochava denies that it sold Plaintiff Jenny Watson's geolocation data that it obtained, without Plaintiff's knowledge or consent, from Plaintiff's use of the McDonald's phone application. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and on that basis denies those allegations.

10.      Kochava denies that it sold Plaintiff Adriana Ingram's geolocation data that it obtained, without Plaintiff's knowledge or consent, from Plaintiff's use of the McDonald's phone application. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and on that basis denies those allegations.

## FACTUAL ALLEGATIONS

**A.    Kochava Sells Precise Location Information for Hundreds of Millions of Mobile Devices.**

11.      Kochava admits that it provides a range of digital analytics services to its clients, including the Kochava Collective that serves as an aggregator of certain data, that its clients can license, made available through Kochava's proprietary data marketplace ("the Marketplace"). Kochava denies the remaining allegations in Paragraph 11.

12.     Kochava admits that it obtains certain data from third party suppliers with consent from device users. Kochava denies the remaining allegations in Paragraph 12.

13.     Kochava admits that it offers certain data feeds to its clients, containing only raw data, which may include seven-day latent latitude and longitude coordinates and Mobile Advertising Identifier ("MAID") associated with a device, which such data may be used by third parties for advertising and mobile analytics. Kochava denies that customers could subscribe to Kochava's data feed through Amazon Web Services ("AWS") Marketplace. Kochava admits it offered a free data sample on the AWS Marketplace until approximately June 2022. To the extent the allegations in this paragraph reference, quote, or rely on material from other documents and sources, the documents and sources speak for themselves and are the best evidence of their content. Except as otherwise stated, Kochava denies the allegations in Paragraph 13.

14.     Kochava admits the allegations in Paragraph 14 that "each pair or timestamped latitude and longitude coordinates is associated with a "device_id_value," which is also known as a Mobile Advertising ID ("MAID")." Kochava further admits that "[a] MAID is a unique identifier assigned to a consumer's mobile device to assist marketers in advertising to the consumer" and that "a MAID may be changed by a consumer." Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and on that basis denies those allegations. To the extent the allegations in this paragraph reference, quote, or rely on material from other documents and sources, the documents and sources speak for themselves and are the best evidence of their contents. Except as otherwise stated, Kochava denies the allegations in Paragraph 14.

15.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 regarding which Kochava "product" Plaintiffs reference in this Paragraph, and on that basis denies those allegations. To the extent the allegations in this paragraph reference, quote, or rely on material from other documents and sources, the documents

and sources speak for themselves and are the best evidence of their content. Except as otherwise stated, Kochava denies the allegations in Paragraph 15.

**B.   Kochava Provides Public Access to Consumers' Location Data.**

16.     Kochava denies the allegations that it sold access to its "data feeds on online data marketplaces that are publicly accessible." Kochava admits that it offers some of its services for a monthly subscription fee and that the fee varies. Kochava further admits that it offered a free data sample on the AWS Marketplace ("Kochava Data Sample") but that the Kochava Data Sample is no longer available. Kochava denies that the Kochava Data Sample was available "with only minimal steps and no restrictions on usage." Except as otherwise stated, Kochava denies the allegations in Paragraph 16.

17.     Kochava admits the Kochava Data Sample was available until approximately June 2022. Kochava denies that "[i]n order to access the sample data feed, a purchaser simply needed a free AWS account." Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 regarding how "a purchaser" accessed the Kochava Data Sample on the AWS marketplace, and on that basis denies those allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 17.

18.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 regarding the contents of the specific data sample referenced by Plaintiffs, and on that basis denies those allegations.

19.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 regarding subscription terms of the specific data sample referenced by Plaintiffs, and on that basis denies those allegations. To the extent the allegations in this paragraph reference, quote, or rely on material from other documents and sources, the documents and sources speak for themselves and are the best evidence of their contents. Except as otherwise stated, Kochava denies the allegations in Paragraph 19.

20.      Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 regarding the alleged displayed "form," and on that basis denies those allegations. To the extent the allegations in this paragraph reference, quote, or rely on material from other documents and sources, the documents and sources speak for themselves and are the best evidence of their contents. Except as otherwise stated, Kochava denies the allegations in Paragraph 20.

21.      Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 regarding a purchaser's description of the intended use of the Kochava Data Sample and Kochava's timing of approval requests for the same.

22.      Kochava admits that following approval of the request for the Kochava Data Sample, Kochava would generally provide access to the Data Sample, along with a data dictionary explaining the categories of data provided. Except as otherwise stated, Kochava denies the allegations in Paragraph 22.

23.      Kochava admits that the Kochava Data Sample included data gathered in the seven days prior to the date Kochava approved the subscription request. The phrase "precise location data" constitutes a legal conclusion to which no response is required. To the extent a response is required, Kochava denies the remaining allegations in Paragraph 23.

**C.      Kochava's Data Can Be Used to Identify People and Track Them to Sensitive Locations.**

24.      Kochava denies the allegations in Paragraph 24 that it tracks any consumers to "sensitive locations, including places of religious worship, places that may be used to infer an LGBTQ+ identification, domestic abuse shelters, medical facilities, and welfare and homeless shelters." The remaining allegations in paragraph 24 state opinions and legal conclusions to which no responsive pleading is required. To the extent a response is required, Kochava denies the remaining allegations in Paragraph 24.

25.      Kochava denies the allegations in Paragraph 25 that the data "is not anonymized." Kochava lacks knowledge or information sufficient to form a belief as to the truth of the

allegations regarding "some data brokers'" services, and on that basis denies those allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 25.

26.     Kochava admits that its location data feed might include MAID and timestamped data, obtained with user consent and consistent with what applicable laws and regulations permit. Kochava further admits that information about a particular user's location, such as a user's home, is based on inferences and is purely probabilistic. Kochava admits that it markets its services to include probabilistic, inference-based "Household Mapping." Kochava denies that it recognized that its data may be used to track mobile devices to home addresses. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 regarding third parties' alleged use of data purportedly sold by Kochava, and on that basis denies those allegations. To the extent the allegations in this paragraph reference, quote, or rely on material from other documents and sources, the documents and sources speak for themselves and are the best evidence of their contents. Except as otherwise stated, Kochava denies the allegations in Paragraph 26.

27.     Kochava denies the allegations in Paragraph 27.

**D.      Kochava's Practices Cause and Are Likely to Cause Substantial Injury to Consumers.**

28.     Kochava denies the allegations in Paragraph 28.

29.     Paragraph 29 states opinions, hypotheticals and legal conclusions to which no responsive pleading is required. To the extent a response is required, Kochava denies the allegations in Paragraph 29.

30.     Paragraph 30 states opinions, hypotheticals and legal conclusions to which no responsive pleading is required. To the extent a response is required, Kochava denies the allegations in Paragraph 30.

31.     Paragraph 31 states opinions, hypotheticals and legal conclusions to which no responsive pleading is required. To the extent a response is required, Kochava denies the allegations in Paragraph 31.

32.     Paragraph 32 states opinions, hypotheticals and legal conclusions to which no responsive pleading is required. To the extent a response is required, Kochava denies the allegations in Paragraph 32.

33.     Kochava denies the allegations in Paragraph 33.

34.     Kochava denies the allegations in Paragraph 34.

35.     Kochava denies the allegations in Paragraph 35.

36.     Kochava denies the allegations in Paragraph 36.

## CLASS ACTION ALLEGATIONS

37.     Kochava denies the allegations in Paragraph 37, except admits that Plaintiffs purport to seek to represent a class within the definition indicated.

38.     Kochava denies the allegations in Paragraph 38, except admits that Plaintiffs Cindy Murphy and Scott Connelly purport to seek to represent a subclass within the definition indicated.

39.     Kochava denies the allegations in Paragraph 39, except admits that Plaintiffs Jenny Watson and Adriana Ingram purport to seek to represent a subclass within the definition indicated.

40.     Paragraph 40 purports to reserve the right to modify or narrow the foregoing class definitions to which no responsive pleading is required. To the extent a response is required, Kochava denies the allegations in Paragraph 40.

41.     Paragraph 41 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

42.     Paragraph 42 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

43.     Paragraph 43 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations

44.     Paragraph 44 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

45.     Paragraph 45 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

**CAUSES OF ACTION**

**<u>FIRST CAUSE OF ACTION</u>**

**UNJUST ENRICHMENT**

46.     Kochava incorporates by reference its responses to the allegations in Paragraphs 1 through 45 as if set forth fully herein.

47.     Kochava denies the allegations in Paragraph 47, except admits that Plaintiffs purport to bring this claim individually and on behalf of members of the Class and the Washington and California subclasses.

48.     Kochava denies the allegations in Paragraph 48. Paragraph 48 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations. Kochava further denies that Kochava acquired any personal location information belonging to Plaintiffs and Class members without their consent; that Kochava sold said alleged personal information without their consent; and that "Plaintiffs and Class members received nothing from this transaction."

49.     Kochava denies the allegations in Paragraph 49. Paragraph 49 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

50.     Kochava denies the allegations in Paragraph 50. Paragraph 50 sets forth legal conclusions to which no response is required. To the extent that a response is required, Kochava denies the allegations.

51.     Kochava denies the allegations in Paragraph 51 that Kochava's retention of any alleged "benefits conferred on it by Plaintiffs and Class members is unjust and inequitable" and

that Plaintiffs and Class members are entitled to restitution. Paragraph 51 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

### SECOND CAUSE OF ACTION

### VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT

### RCW 19.86.010, *et seq.*

52.     Kochava incorporates by reference its responses to the allegations in Paragraphs 1 through 51 as if set forth fully herein. On October 2, 2023, the Court dismissed Plaintiffs' claim under the Washington Consumer Protection Act ("WCPA") in its entirety[1].

53.     Kochava denies each and every allegation in Paragraph 53 of the FAC. Plaintiffs' claim under the WCPA has been dismissed by the Court's October 2, 2023 Order and no responsive pleading is therefore required. To the extent any response is required, Kochava denies the allegations.

54.     Kochava denies each and every allegation in Paragraph 54 of the FAC. Plaintiffs' claim under the WCPA has been dismissed by the Court's October 2, 2023 Order and no responsive pleading is therefore required. To the extent any response is required, Kochava denies the allegations.

55.     Kochava denies each and every allegation in Paragraph 55 of the FAC. Plaintiffs' claim under the WCPA has been dismissed by the Court's October 2, 2023 Order and no responsive pleading is therefore required. To the extent any response is required, Kochava denies the allegations.

56.     Kochava denies each and every allegation in Paragraph 56 of the FAC. Plaintiffs' claim under the WCPA has been dismissed by the Court's October 2, 2023 Order and no responsive pleading is therefore required. To the extent any response is required, Kochava denies the allegations.

---

[1] The Court granted Plaintiffs leave to amend their claim under the WCPA by November 1, 2023, but Plaintiffs failed to file an amendment by the deadline ordered by the Court. *See* Dkt 21.

57.     Kochava denies each and every allegation in Paragraph 57 of the FAC. Plaintiffs' claim under the WCPA has been dismissed by the Court's October 2, 2023 Order and no responsive pleading is therefore required. To the extent any response is required, Kochava denies the allegations.

58.     Kochava denies each and every allegation in Paragraph 58 of the FAC. Plaintiffs' claim under the WCPA has been dismissed by the Court's October 2, 2023 Order and no responsive pleading is therefore required. To the extent any response is required, Kochava denies the allegations.

## THIRD CAUSE OF ACTION

## VIOLATIONS OF THE CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT

### Cal. Penal Code §502

59.     Kochava incorporates by reference its responses to the allegations in Paragraphs 1 through 58 as if set forth fully herein.

60.     Kochava denies the allegations in Paragraph 60, except admits that Plaintiffs Jenny Watson and Adriana Ingram purport to bring this claim individually and on behalf of the California subclass.

61.     Paragraph 61 purports to summarize, interpret, or state the contents of the CDAFA, and constitutes conclusions of law to which no response is required. To the extent that a response is required, Kochava denies the allegations.

62.     Paragraph 62 purports to summarize, interpret, or state the contents of the CDAFA, and constitutes conclusions of law to which no response is required. To the extent that a response is required, Kochava denies the allegations.

63.     Kochava denies the allegations in Paragraph 63. Paragraph 63 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

DEFENDANT KOCHAVA INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CLASS ACTION COMPLAINT

64.     Kochava denies the allegations in Paragraph 64. Paragraph 64 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

65.     Kochava denies the allegations in Paragraph 65. Paragraph 65 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

66.     Kochava denies the allegations in Paragraph 66. Paragraph 66 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

67.     Kochava admits Plaintiffs seek compensatory, injunctive, and equitable relief as well as attorneys' fees, costs of suit, and punitive or exemplary damages. Kochava denies that Plaintiffs are entitled to any damages or injunctive relief as a result of Kochava's actions. Kochava further denies that Plaintiffs are entitled to an award of reasonable attorneys' fees. Kochava denies that it violated the CDAFA. Paragraph 67 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

## FOURTH CAUSE OF ACTION

## VIOLATIONS OF THE CALIFONRIA UNFAIR COMPETITION LAW

### Cal. Bus. & Prof. Code §17200

68.     Kochava incorporates by reference its responses to the allegations in Paragraphs 1 through 67 as if set forth fully herein. On October 2, 2023, the Court dismissed Plaintiffs' claim under the California Unfair Competition Law ("UCL") in its entirety[2].

69.     Kochava denies each and every allegation in Paragraph 69 of the FAC. Plaintiffs' claim under the UCL has been dismissed by the Court's October 2, 2023 Order and no responsive pleading is therefore required. To the extent any response is required, Kochava denies the allegations.

---

[2] The Court granted Plaintiffs leave to amend their claim under the UCL by November 1, 2023, but Plaintiffs failed to file an amendment by the deadline ordered by the Court. *See* Dkt 21.

70.     Kochava denies each and every allegation in Paragraph 70 of the FAC. Plaintiffs' claim under the UCL has been dismissed by the Court's October 2, 2023 Order and no responsive pleading is therefore required. To the extent any response is required, Kochava denies the allegations.

71.     Kochava denies each and every allegation in Paragraph 71 of the FAC. Plaintiffs' claim under the UCL has been dismissed by the Court's October 2, 2023 Order and no responsive pleading is therefore required. To the extent any response is required, Kochava denies the allegations.

72.     Kochava denies each and every allegation in Paragraph 72 of the FAC. Plaintiffs' claim under the UCL has been dismissed by the Court's October 2, 2023 Order and no responsive pleading is therefore required. To the extent any response is required, Kochava denies the allegations.

73.     Kochava denies each and every allegation in Paragraph 73 of the FAC. Plaintiffs' claim under the UCL has been dismissed by the Court's October 2, 2023 Order and no responsive pleading is therefore required. To the extent any response is required, Kochava denies the allegations.

74.     Kochava denies each and every allegation in Paragraph 74 of the FAC. Plaintiffs' claim under the UCL has been dismissed by the Court's October 2, 2023 Order and no responsive pleading is therefore required. To the extent any response is required, Kochava denies the allegations.

75.     Kochava denies each and every allegation in Paragraph 75 of the FAC. Plaintiffs' claim under the UCL has been dismissed by the Court's October 2, 2023 Order and no responsive pleading is therefore required. To the extent any response is required, Kochava denies the allegations

76.     Kochava denies each and every allegation in Paragraph 76 of the FAC. Plaintiffs' claim under the UCL has been dismissed by the Court's October 2, 2023 Order and no responsive

pleading is therefore required. To the extent any response is required, Kochava denies the allegations.

## PRAYER FOR RELIEF

77.     Kochava denies the allegations contained in the Prayer and denies that Plaintiffs or Class members are entitled to any of the requested relief.

## <u>AFFIRMATIVE DEFENSES</u>

Kochava sets forth below its affirmative defenses. By enumerating the subjects below as affirmative defenses, Kochava does not concede that any such matter is an affirmative defense, as opposed to an element of Plaintiffs' claim as to which they bear the burden of proof. Kochava does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated herein is intended to or shall be construed as an acknowledgment that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations.

## FIRST AFFIRMATIVE DEFENSE

### (Limitation of Liability)

The claims of Plaintiffs and the purported class are barred in whole or in part by limitation-of-liability provisions contained in the parties' agreements including, but not limited to, terms of service to which Plaintiffs and the purported class members agreed.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

The claims of Plaintiffs and the purported class are barred in whole or in part because Plaintiffs and/or members of the purported class lack standing to assert any or all of the causes of action alleged.

/ / /

/ / /

DEFENDANT KOCHAVA INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CLASS ACTION COMPLAINT

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Article III Standing)

The claims of Plaintiffs and the purported class are barred in whole or in part because Plaintiffs and/or members of the purported class lack standing under Article III of the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

### (No Standing to Represent Class)

The named Plaintiffs lack standing to represent unnamed class members.

## FIFTH AFFIRMATIVE DEFENSE

### (No Adequate Class Representative)

The named Plaintiffs in this purported class action are not adequate class representatives and are not representative of any class of putative Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction Doctrine)

The claims of Plaintiffs and the purported class are barred in whole or in part by the doctrine of primary jurisdiction.

## SEVENTH AFFIRMATIVE DEFENSE

### (Preemption)

The claims of Plaintiffs and the purported class are barred and preempted in whole or in part by federal law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

The claims of Plaintiffs and the purported class are barred in whole or in part by the doctrine of waiver.

/ / /

/ / /

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

The claims of Plaintiffs and the purported class are barred in whole or in part by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Improper Class Action)

This action is not properly maintainable as a class action as alleged by Plaintiffs, because, without limitation, Plaintiffs are not proper class representatives, the class is not ascertainable, irresolvable conflicts exist within the class, a class action is not a superior means of adjudication, individual issues predominate, and Ninth Circuit precedent bars a nationwide class.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Violation of First Amendment and Free Speech Rights)

The claims of Plaintiffs and the purported class are barred in whole or in part because Plaintiffs' claims violate Kochava's free speech rights under the First Amendment of the United States Constitution and under the Free Speech Clause to the California Constitution. Cal. Const. art. 1, § 2.

## TWELFTH AFFIRMATIVE DEFENSE

### (Violation of Additional Constitutional Rights)

The claims of Plaintiffs and the purported class are barred in whole or in part because (a) said claims constitute an impermissible burden on interstate commerce in violation of Article I, Section 8 of the United States Constitution; (b) said claims violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; (c) said claims violate Kochava's right to Due Process under the Fifth and Fourteenth Amendment of the United States Constitution and under the California Constitution; (d) said claims contravene the constitutional prohibition against vague and overbroad laws; (e) said claims reflect an unlawful delegation of prosecutorial power to private parties in violation of Article II of the United States Constitution, the separation

of powers doctrine, and the provisions of Article V of the California Constitution; (f) an award on said claims would work an unlawful taking of property in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 19 of the California Constitution, and (g) would violate the Contracts Clauses of the United States and California Constitutions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Consent and/or Ratification)**

Plaintiffs have consented to and/or ratified the conduct alleged in the FAC.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Conduct of Other Parties)**

Plaintiffs are not entitled to any recovery from Kochava because any alleged injury was caused in whole or in part by acts or omissions of persons or entities other than Kochava.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The claims of Plaintiffs and the purported class are barred in whole or in part by the applicable statute of limitation.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The claims of Plaintiffs and the purported class are barred in whole or in part by the doctrine of unclean hands from maintaining each and every purported claim against Kochava, or from recovering any damages thereunder from Kochava.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

The claims of Plaintiffs and the purported class are barred in whole or in part by the doctrine of laches.

/ / /

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The claims of Plaintiffs and the purported class are barred in whole or in part by their failure to mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Actionable Disclosure)

The claims of Plaintiffs and the purported class are barred in whole or in part because there was no actionable disclosure under any applicable law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Punitive damages are not recoverable by Plaintiffs or any member of the purported class or subclass.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Comparative Negligence)

The claims alleged are barred or must be reduced under the doctrine of comparative negligence.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Contributory Negligence)

The claims alleged are barred or must be reduced under the doctrine of contributory negligence.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Intervening and Superseding Causes)

Each claim is barred, in whole or in part, by the independent, intervening, illegal conduct, and/or superseding acts of Plaintiffs or the purported class, third-parties or other parties or persons including, but not limited to, Plaintiffs, without Kochava's participation, control, involvement, or knowledge.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Equitable and/or Comparative Indemnity)

Any damages or other recovery to which Plaintiffs or the purported class may be entitled were caused in whole or in part by the wrongful acts or omissions of persons or entities other than Kochava, whereas, any acts or omissions of Kochava were without negligence or unlawfulness of any kind and were secondary to such other persons or entities. To the extent Kochava is found liable in any amount, Kochava is entitled to complete or partial equitable indemnity from such other parties.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Contractual Indemnity)

Any damages or other recovery to which Plaintiffs and the purported class may be entitled were caused in whole or in part by the wrongful acts or omissions of persons or entities other than Kochava, whereas, any acts or omissions of Kochava were without negligence or unlawfulness of any kind and were secondary to such other persons or entities. To the extent Kochava is found liable in any amount, Kochava is entitled to complete or partial contractual indemnity from such other parties.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Compliance with Obligations)

The claims of Plaintiffs and the purported class are barred, in whole or in part, by Kochava's compliance with obligations imposed under applicable state and federal statutes.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

Each of the alleged claims is barred, in whole or in part, because the actions complained of were taken with the consent of the relevant individual.

/ / /

/ / /

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Information Publically Available)**

Each of the alleged claims is barred, in whole or in part, because Plaintiffs' and purported class members' alleged information is publicly available through other sources.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Release or License)**

Each of the alleged claims is barred, in whole or in part, because the actions complained of were taken subject to a release or license provided by the relevant individual.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Disclosure)**

Each of the alleged claims is barred, in whole or in part, because the actions complained of were adequately disclosed to the relevant individual.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(No Attorneys' Fees)**

The FAC, and each remaining claim within it, does not state a claim against Kochava which gives rise to a right for Plaintiffs or any member of the purported class to obtain an award of attorneys' fees.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

The FAC and each of its claims are barred, in whole or in part, because Plaintiffs and class members assumed the risk their information could be collected and/or disclosed to third parties in light of cautionary disclosures in the agreements pertinent to Plaintiffs' claims.

/ / /

/ / /

/ / /

/ / /

DEFENDANT KOCHAVA INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CLASS ACTION COMPLAINT

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Notice)

The FAC and each of its claims are barred, in whole or in part, because proper and timely notice was provided under all state and federal statutes regarding the collection and/or disclosure, if any, of information.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Speculative and/or Uncertain Damages)

Plaintiffs' prayer for relief and damages is speculative and/or uncertain and not caused by any acts or omissions on the part of Kochava.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Informed Consent)

The FAC and each of its claims are barred, in whole or in part, by the doctrine of informed consent.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Offset)

Should Kochava be held liable to Plaintiffs and class members, which liability is specifically denied, Kochava would be entitled to a set off for the total of all amounts paid to Plaintiffs and class members from all collateral sources.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

Kochava reserves the right to assert other defenses as discovery progresses. Additionally, Kochava specifically reserves all affirmative or other defenses that it may have against Plaintiffs and putative classes. It is not necessary at this time for Kochava to delineate such defenses against the putative classes because no classes have been certified, and the putative class members are not parties to this litigation.

/ / /

## DEMAND FOR JURY TRIAL

Kochava hereby demands a trial by jury on all issues so triable.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Kochava prays as follows:

1.      That Plaintiffs take nothing by reason of their FAC;

2.      That Kochava be awarded its costs and expenses of suit, including reasonable attorneys' fees; and

3.      For such other and further relief as the Court deems just and proper.


Dated: November 8, 2023                         Respectfully submitted,


                                    By:   */s/ Craig J. Mariam*_____
                                          Craig J. Mariam
                                          GORDON REES SCULLY MANSUKHANI, LLP
                                          999 W. Main Street, Suite 100
                                          Boise, ID 83702
                                          (208) 489-9095
                                          *cmariam@grsm.com*

                                          **Attorneys for Defendant Kochava Inc.**

DEFENDANT KOCHAVA INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CLASS ACTION COMPLAINT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

*/s/ Craig J. Mariam*_____
Craig J. Mariam

DEFENDANT KOCHAVA INC.'S ANSWER TO PLAINTIFFS' FIRST
AMENDED CLASS ACTION COMPLAINT