# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## NORTHERN (COEUR D'ALENE) DIVISION

| | |
|---|---|
| CINDY MURPHY, SCOTT CONNELLY, JENNY WATSON, and ADRIANA INGRAM, individually and on behalf of all others similarly situated, | ) ) ) CASE NO. 2:23-cv-00058-BLW |
| | ) Hon. B. Lynn Winmill |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| | ) **CLASS ACTION SETTLEMENT** |
| KOCHAVA, INC., | ) **AGREEMENT AND RELEASE** |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

This CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE ("Settlement Agreement") is entered into by and between Plaintiffs CINDY MURPHY, SCOTT CONNELLY, JENNY WATSON, ADRIANA INGRAM, SHAHNAZ ZARIF, SHERI BATE, and JULIE MAATTALA on behalf of themselves and on behalf of all others similarly situated ("Plaintiffs"), and Defendant Kochava, Inc. and all its affiliates and subsidiaries, successors, and assigns (together, "Defendant" or "Kochava") (collectively with Plaintiffs, the "Parties"). This Settlement Agreement is conditioned upon and subject to approval of the Court as required by Rule 23 of the Federal Rules of Civil Procedure. Class Counsel (as defined below) and the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement, the Lawsuit (as defined below), and all Released Claims (as defined below) shall be finally and fully settled, compromised, and released, on the following terms and conditions:

## RECITALS

1. **WHEREAS**, on February 1, 2023, Plaintiff Cindy Murphy filed a Class Action

Complaint in the United States District Court for the District of Idaho styled CINDY MURPHY v. KOCHAVA, INC., CASE NO. 2:23-cv-00058-BLW (the "Lawsuit");

2.      **WHEREAS**, the Lawsuit is related to two other Class Action Complaints in the United States District Court for the Southern District of California, styled GREENLEY ET AL. v. KOCHAVA, INC., CASE NO. 3:22-cv-01327-BAS-AHG (filed September 6, 2022), and in the United States District Court for District of Massachusetts, styled MAATTALA v. KOCHAVA INC., CASE NO. 1:22-CV-11473-IT (filed September 12, 2022) (together with the Lawsuit, the "Lawsuits");

3.      **WHEREAS**, on April 7, 2023, Plaintiff filed an Amended Class Action Complaint adding three additional Plaintiffs: Scott Connelly, Jenny Watson, and Adriana Ingram (*see* Dkt. No. 13) (the "Amended Complaint");

4.      **WHEREAS**, the Amended Complaint alleges that Kochava collects or transmits Personal Data and seeks redress for unjust enrichment and violations of the Washington Consumer Protection Act (RCW 19.86.010, *et seq*.), California Computer Data Access and Fraud Act (Cal. Penal Code § 502), and the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200);

5.      **WHEREAS**, On March 17, 2023, Kochava moved to dismiss the class action complaint under Rule 12(b)(6) arguing that the complaint failed to state a claim upon which relief could be granted (Dkt. No. 9). On April 7, 2023, Plaintiffs filed the aforementioned Amended Complaint (Dkt. No. 13) and on April 20, 2023, Kochava moved to dismiss the Amended Complaint under Rule 12 for failure to state a claim upon which relief can be granted and for lack of standing (Dkt. No. 14). On May 24, 2023, Plaintiff opposed that motion (Dkt. No. 18), and Kochava filed a reply in support thereof on June 7, 2023 (Dkt. No. 19);

6.      **WHEREAS**, in late 2022, Kochava filed a motion to dismiss the *Greenley* action

2

pursuant to Rule 12(b)(6), which motion was fully briefed as of January 23, 2023 (*see Greenley*, Dkt. Nos.11, 16, and 17);

7.      **WHEREAS**, on July 27, 2023, the United States District Court for the Southern District of California denied in large part Kochava's motion to dismiss the *Greenley* action, sustaining the plaintiff's claims under California Computer Data Access and Fraud Act and Sections 638.51 and 631 of the California Invasion of Privacy Act as well as plaintiff's claim for invasion of privacy (*see Greenley*, Dkt. No. 27);

8.      **WHEREAS**, on October 2, 2023, in the Lawsuit, the Court likewise denied the majority of Kochava's motion to dismiss, finding that Plaintiffs had standing and sustaining the Plaintiffs' claims under California Data Access and Fraud Act and for Unjust Enrichment (*see* Dkt. No. 21);

9.      **WHEREAS**, on November 8, 2023, Kochava answered the Amended Complaint. (Dkt. No. 22);

10.     **WHEREAS**, beginning in November 2023, the Parties to the *Greenley* and *Murphy* actions, with input and assistance from the plaintiffs in *Maattala*, engaged in discovery, including by serving and responding to requests for production of documents and interrogatories; collecting, imaging and negotiating the production of data from certain Plaintiffs' mobile devices; discussing the timing of likely Rule 30(b)(6) depositions; negotiating orders and stipulations that would govern discovery in the Lawsuits; and meeting and conferring about the foregoing;

11.     **WHEREAS**, on November 6, 2023, the Parties in *Greenley* participated in an Early Neutral Evaluation Conference and Case Management Conference before Magistrate Judge Allison H. Goddard, at which time the Parties first discussed the possibility of early resolution (*Greenley*, Dkt. 38). During that conference, the Parties agreed that due to the risks and costs to

which continued litigation would subject all Parties, as well as the eroding nature of the insurance policies potentially applicable to the Lawsuits and Kochava's limited financial resources, mediating a potential global settlement of all claims and the three Lawsuits was in the best interests of the Plaintiffs, the putative classes and Kochava alike;

12.     **WHEREAS**, Class Counsel thereafter redoubled efforts to coordinate regarding both settlement and discovery across the three Lawsuits, and subsequently advised Kochava of the same and proposed the Parties engage a mediator as soon as possible;

13.     **WHEREAS**, on February 26, 2024, following extensive discussions, the Parties agreed to an in-person mediation on June 3, 2024, before Antonio Piazza of Mediated Negotiations, a world-renowned mediator. The Parties agreed to mediate the dispute, in relevant part, based on Party discussions that identified aspects of Kochava's financial condition—irrespective of the Parties' positions on the merits of the litigation—and the limited insurance coverage available, all of which would affect the contours of any potential settlement;

14.     **WHEREAS**, on June 3, 2024, the Parties attended an all-day in-person mediation with Mr. Piazza that resulted in a settlement in principle, the terms of which are reflected in this Settlement Agreement.  Prior to the mediation, the Parties exchanged both formal and informal discovery regarding the merits of the case, class certification, and Kochava's ability to fund a class action settlement under Fed. R. Civ. P. 23(b)(3).  During the mediation, Kochava also submitted to Mr. Piazza documents previously produced to Class Counsel and designated Attorneys' Eyes Only concerning Kochava's financial condition and ability to fund a class action settlement under Rule 23(b)(3);

15.     **WHEREAS**, Kochava has denied and continues to deny all material allegations of the Lawsuit, and maintains that its collection and use of data from mobile phone applications has

been, and continues to be, lawful and appropriate;

16. **WHEREAS**, the Parties desire to resolve all claims and disputes that are asserted or could have been asserted, or arise from or are otherwise related to the Lawsuits concerning the allegations made against Kochava;

17. **WHEREAS**, Plaintiffs believe the claims asserted in the Lawsuits against Kochava have merit and that they would have prevailed at class certification, summary judgment and/or trial. Nonetheless, Plaintiffs and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiffs may not prevail. Plaintiffs and Class Counsel also recognize the expense and delay associated with continued prosecution of the Lawsuits against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Plaintiffs have further taken into account other extraneous factors, including Defendant's ability to pay a judgment to the proposed Class if the case were to proceed. Therefore, Plaintiffs believe it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Lawsuits pursuant to the terms and provisions of this Settlement Agreement;

18. **WHEREAS**, Plaintiffs believe that the proposed settlement embodied in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the putative Settlement Class and that this Settlement Agreement should be approved by the Court under Rule 23(e) of the Federal Rules of Civil Procedure;

19.     **WHEREAS**, Kochava, while denying any wrongdoing and without admitting any liability, is entering into this Settlement Agreement solely to avoid further burden and expense of litigation, and believes that the proposed settlement embodied in this Settlement Agreement is fair, reasonable, and adequate, and that this Settlement Agreement should be approved by the Court under Rule 23(e) of the Federal Rules of Civil Procedure;

20.     **WHEREAS**, the Settlement Agreement resolves all Released Claims—as set forth below—in their entirety as to Kochava, without any admission of liability, and the Parties intend this Settlement Agreement to bind the Parties; and

21.     **WHEREAS**, the Parties believe that this Settlement Agreement can and should be approved to avoid the time, expense, and uncertainty of protracted litigation; and in the event that this Settlement Agreement does not receive final and binding approval from the Court or is terminated according to its terms, Plaintiffs expressly reserve the right to pursue litigation and to try their case to judgment, while Defendant reserves the right to challenge said litigation and reserves its full defenses.

NOW THEREFORE, IT IS STIPULATED AND AGREED, subject to approval by the Court pursuant to Rule 23(e), by and among the Parties, as follows:

1.     **DEFINITIONS**. In addition to the terms defined herein, and as used in this Settlement Agreement, the following terms shall be defined as follows:

1.1     "**Class Counsel**" means Milberg Coleman Bryson Phillips Grossman PLLC, Cafferty Clobes Meriwether & Sprengel LLP, the Law Offices of Ronald A. Marron, and Bursor & Fisher, P.A.

1.2     "**Class Representatives**" means Plaintiffs Cindy Murphy, Scott Connelly, Jenny Watson, Adriana Ingram, Shahnaz Zarif, Sheri Bate, and Julie Maattala.

**1.3**    "**Court**" means the United States District Court for the District of Idaho.

**1.4**    "**Covered Information**" means information from or about an individual consumer including, but not limited to: (1) a first and last name; (2) Location Data; (3) an email address or other online contact information; (4) a telephone number; (5) a Social Security number; (6) a driver's license or other government-issued identification number; (7) a financial institution account number; (8) credit or debit card information; (9) a persistent identifier, such as a customer number held in a "cookie," a static Internet Protocol ("IP") address, a device ID, mobile advertising ID, or processor serial number, to the extent Kochava has, if ever, collected, maintained and/or possessed such information. Information that has been Deidentified is not Covered Information.

**1.5**    "**Defendant**" means Kochava, Inc., and its past and present parents, predecessors, spin-offs, holding companies, agents, assigns, affiliates, divisions, and subsidiaries with which it shares consumers' precise geolocation data and identification through device scanning; *e.g.*, Collective Data Solutions, LLC.

**1.6**    "**Deidentified**" means, with respect to data, information that cannot reasonably identify, relate to, describe, be capable of being associated with, or be linked, directly or indirectly, to a particular person, in that, at a minimum: (a) technical safeguards have been implemented that prohibit reidentification of the person to whom the information may pertain; (b) business processes have been implemented that specifically prohibit (i) reidentification of the information, including by buyers, customers, or other entities to whom Defendant provides the information and (ii) the inadvertent release of Deidentified data; and (c)  Defendant shall make no attempt to reidentify the persons to whom the information may pertain.

**1.6**    "**Effective Date**" means the date on which the Final Approval Order is final and no longer subject to appeal or further review.

1.7 "**Final Approval Order**" means the order entered by the Court granting final approval of the settlement embodied in this Settlement Agreement with respect to the relief to the class (including Class Representative service awards, and expressly exempting attorneys' fees and expenses) and dismissing with prejudice all Released Claims against Kochava, which the Parties will request be entered as a separate judgment pursuant to Federal Rule of Civil Procedure 54(b).

1.8 "**Location Data**" means any data that may reveal a mobile device's or consumer's precise location, including but not limited to Global Positioning System (GPS) coordinates, cell tower information, or precise location information inferred from basic service set identifiers (BSSIDs), WiFi Service Set Identifiers (SSID) information, or Bluetooth receiver information, or any unique persistent identifier combined with any such data, such as a mobile advertising identifier (MAID) or identifier for advertisers (IDFA).

1.9 "**Notice Administrator**" refers to Angeion Group, LLC.

1.10 "**Released Claims**" means any and all actual or potential claims, counterclaims, actions, causes of action, suits, cross claims, third party claims, contentions, disputes, allegations, and assertions of wrongdoing, and any demands for injunctive relief or any other type of equitable or legal relief, whether known or unknown, suspected or unsuspected, contingent or non-contingent, discovered or undiscovered, brought or that could be brought under the same factual predicate in this Lawsuit against any of the Released Parties. With the exception of the Class Representatives, **"Released Claims" do not include claims for damages or other monetary relief (whether actual, nominal, punitive, exemplary, statutory, or otherwise).**

1.11 "**Released Parties**" means Defendant together with its predecessors, successors (including, without limitation, acquirers of all or substantially all of its assets, stock or other ownership interests) and assigns; the past, present, and future, direct and indirect, parents

(including, but not limited to holding companies), subsidiaries and affiliates of any of the above; and the past, present, and future principals, trustees, officers, directors, employees, former employees, agents, attorneys, insurance companies, reinsurers, accountants, administrators, shareholders, advisors, representatives, trustees, members, firms and corporations acting on Defendant's behalf, predecessors, successors (including, without limitation, acquirers of all or substantially all of their assets, stock, or other ownership interests), assigns, representatives, heirs, executors, and administrators of any of the above.

**1.12** "**Settlement Agreement**" means this Class Action Settlement Agreement and Release.

**1.13** "**Settlement Class**" means all persons over the age of 18 in the United States whose data, including but not limited to their geolocation data, was sold by Defendant without their consent.

## 2. PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS.

**2.1** Upon execution of this Settlement Agreement, and for the purposes of settlement only, Plaintiffs shall file a Third Amended Class Action Complaint naming as plaintiffs to this Lawsuit all Class Representatives.

**2.2** The Parties shall cooperate in good faith, and agree, subject to their fiduciary and other legal obligations, to take all reasonably necessary steps to obtain the Court's approval of the terms of this Settlement Agreement.

**2.3** For the purposes of settlement only and the proceedings contemplated herein for effectuating the Settlement Agreement, Plaintiffs shall move the Court to certify the Settlement Class pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. Kochava will not oppose certification of the Settlement Class for settlement purposes only.

2.4    Plaintiffs shall move, and Kochava shall not oppose, the Court to: (1) designate Plaintiffs as Class Representatives for the Settlement Class and appoint as Class Counsel for the Settlement Class the law firms of Milberg Coleman Bryson Phillips Grossman PLLC, Cafferty Clobes Meriwether & Sprengel LLP, the Law Offices of Ronald A. Marron, and Bursor and Fisher, P.A.; (2) approve the form and manner of notice to the Settlement Class; (3) appoint a Notice Administrator to implement the Notice Program (defined below); (4) schedule deadlines for (i) Plaintiffs to file their Motion for Final Approval (the "Final Approval Motion") and for Class Counsel to file their separate motion for an award of reasonable attorneys' fees and expenses (the "Attorneys' Fees Motion"); (ii) Settlement Class Members to file objections to the Settlement or Attorneys' Fees Motion, and for Class Counsel to respond to any such objections; and (5) schedule a Final Approval hearing to consider Plaintiff's Final Approval Motion and Attorneys' Fee Motion.

2.3    Preliminary certification of the Settlement Class and appointment of the Class Representatives and Class Counsel shall be binding only with respect to the proposed settlement. In the event the proposed settlement is not consummated for any reason, whether due to a termination of this Settlement Agreement in accordance with its terms, a failure or refusal of the Court to approve the proposed settlement, or a reversal or modification of the Court's approval of the proposed settlement on appeal, or any other reason, then the certification of the Settlement Class and the appointment of Class Representatives or Class Counsel shall be deemed void and vacated; the Parties shall litigate this Lawsuit as though the Settlement Agreement had never been entered and the Settlement Class had never been certified; and the Parties shall retain all of their respective rights as they existed prior to execution of this Settlement Agreement.

3.    **INJUNCTIVE RELIEF**. In consideration for the complete and final settlement of these Lawsuits, the Releases, and other promises and covenants set forth in this Settlement Agreement,

and subject to the other terms and conditions herein, Kochava agrees to, within forty-five (45) days following the Effective Date (unless alternative deadline is provided for below), implement the following business practice changes and provide to Class Counsel documentation confirming the same:

**3.1**     Business Practice Changes.

BUSINESS PRACTICE CHANGE NO. 1:

**PRIVACY BLOCK**

Kochava and all of its of its subsidiaries, including Collective Data Solutions, LLC, affiliates, agents or assigns, will implement a data filtering software and process to prevent the distribution or other use of any raw precision-location data associated with or to a "Sensitive Location," including any use thereof by Kochava for its own internal purposes. Notwithstanding the foregoing, nothing in this Business Practice Change No. 1 shall be deemed to include precision-location data associated with or to "Sensitive Locations" to the extent such data is Deidentified. "Sensitive Location" means those locations tied to NAICS codes deemed by Kochava to be representative of locations including healthcare facilities (including reproductive health centers such as abortion clinics), places of worship, educational facilities, childcare facilities, government buildings, homeless shelters and "halfway houses", correctional facilities, labor union offices, and offices for associations providing services based on LGBTQ+ status, political affiliations, racial or ethnic origin, and religious beliefs.

BUSINESS PRACTICE CHANGE NO. 2

**LOCATION DATA COLLECTED FOR DEFENDANT'S OWN PURPOSES**

Defendant will ensure that any Location Data collected by Defendant through any of its software development kits (SDKs) as a result of the provision of Defendant's SDK services with

11

a third-party device application client will be used exclusively for the benefit of that same third-party device application client, rather than Kochava or any other Kochava clients. Kochava will continue to not directly profit from this location data. To the extent location data, if any, collected through these SDKs was collected for Kochava's sole benefit, Kochava agrees to permanently delete such data from all such databases using industry best practices. Location Data obtained with a Settlement Class member's documented express affirmative consent is exempt from this business practice change.

BUSINESS PRACTICE CHANGE NO. 3:

<strong>CONSUMER OPT OUT</strong>

Kochava will implement an opt-out mechanism including a web-hosted form through which any consumer can demand that all of their Covered Information be removed from the Kochava Collective database; this will include all opted-out consumers being added to a "blacklist," which will prevent all future ingestion, use, and/or sale of any Covered Information from the Collective or any database held by Defendant, including the use of any Covered Information for machine learning purposes. Covered Information removed from the Collective database will be destroyed according to industry best practices.

BUSINESS PRACTICE CHANGE NO. 4:

<strong>PROHIBITION AGAINST MISREPRESENTATIONS</strong>

Whether acting directly or indirectly, in connection with the advertising, promotion, offering for sale, sale, or distribution of any product or service, Defendant is restrained and enjoined from misrepresenting, expressly or by implication:

1.  The extent to which Defendant collects, uses, maintains, discloses, or deletes any Covered Information; and

12

2.    The extent to which the Covered Information that Defendant collects, uses, maintains, or discloses is Deidentified.

BUSINESS PRACTICE CHANGE NO. 5:

**SUPPLIER COMMUNICATION**

The parties acknowledge that Defendant has no first-party relationship or contact with end consumers. However, Defendant, within 180 days, will request from each of its suppliers representative examples of underlying consumer consent prompts utilized by the suppliers' data sources that have a first-party relationship or contact with consumers. To the extent required under state or federal law, Defendant agrees to cease using any Location Data provided to Defendant if consumers have not provided consent for collection and use of their Location Data.

BUSINESS PRACTICE CHANGE NO. 6:

**PROHIBITION AGAINST MACHINE LEARNING USE**

The parties acknowledge that Defendant does not utilize Covered Information for machine learning purposes. Notwithstanding the foregoing, Defendant shall comply with all applicable laws relating to the use of Covered Information for machine learning purposes in the event Defendant utilizes Covered Information for machine learning purposes.

**3.2**    Duration of Changes.

The injunctive relief set forth above shall be in place for a period of two (2) years from the Effective Date.  However, the Parties acknowledge and agree that the Business Practice changes described herein may be subject to changes in U.S. privacy data laws, or other applicable laws, which may render the injunctive relief set forth above inapplicable. The Court shall retain jurisdiction over this Settlement Agreement in the event either party seeks a modification to the Business Practice Changes described herein as a result of a change in law; however, under no

13

circumstances shall there be further additions to or enhancements to such Business Practice Changes.

4. **NOTICE ADMINISTRATOR**.

4.1    Angeion Group, LLC shall serve as the Notice Administrator and shall be responsible for effectuating the Notice Program (defined below) consistent with the terms of this Settlement Agreement, as approved by the Court. Kochava shall have the sole responsibility to pay for and fund the Notice Program, including all fees and expenses of the Notice Administrator.

5. **NOTICE.**

5.1    The Parties shall jointly request that the Court approve a class notice program designed to reach the members of the Settlement Class in a manner that complies with the Federal Rules of Civil Procedure ("Notice Program").

5.2    The Notice Program shall include a case-specific settlement website (*e.g.*, www.KochavaPrivacySettlement.com) that will include at least the following information: (i) stand-alone descriptions of the business practice changes described above; (ii) a summary of the Action and the settlement terms; (iii) a "Contact Us" page with Notice Administrator and Class Counsel information; (iv) the Settlement Agreement, motions for approval and for attorneys' fees, the Third Amended Complaint, and any other important documents in the case; (v) important case dates and deadlines, including the objection deadline; (vi) a summary of Settlement Class member rights, including how to object to the Settlement; and (vii) the date, time, and location of the Final Approval hearing.

5.3    The Notice Program shall also: (1) establish a toll-free telephone line for Settlement Class Members with an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding

the Lawsuit that is accessible 24 hours a day, 7 days a week, and (2) publication notice via fair, well-crafted banner ads to direct attention to the Settlement Website and reach Settlement Class Members on selected websites, social media platforms, or apps Settlement Class Members are likely to visit.

5.4     All forms of notice must be in plain language and easily understandable, taking into account any special concerns about the language needs of the Settlement Class Members. The Parties will agree on (i) the final text of the notice before it is published; (ii) all aspects of any advertisements, including, but not limited to, their text and graphics, before publication; and (iii) the domain name of, and all content and language displayed on, the Settlement Website. The Notice Administrator shall effectuate the Notice Program as approved, and pursuant to the timetable set, by the Court.

5.5     Pursuant to terms to be agreed to with the Notice Administrator and approved by the Parties, Kochava shall pay to the Settlement Administrator all fees and expenses of the Settlement Administrator, including the costs of the Notice Program.

6.     **SETTLEMENT APPROVAL**. The Parties shall cooperate in good faith to take all reasonably necessary steps to obtain the Court's preliminary and final approval of the terms of this Settlement Agreement.

7.     **RIGHT TO OBJECT OR COMMENT**.

7.1     Any person in the Settlement Class who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the objector's full and current address, (b) a statement that he or she believes himself or herself to be a member of the Settlement Class, (c) whether the objection applies only to the objector or the Settlement Class, (d) the specific grounds for the objection, (e) all documents

15

and writing that the objector desires the Court to consider, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation of submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at the Final Approval Heating (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission).

**7.2**     To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date no later than sixty days prior the date of the Final Approval Hearing (or such other deadline for any such objection as may be set by the Court), to the Settlement Administrator at a designated post office box or to one of the Proposed Settlement Class Counsel at the address listed below. The objector or his or her counsel must also file objections with the Court, with service on Proposed Settlement Class Counsel and Defendant's Counsel. Any objections not postmarked or not filed with the Court 60 days prior to the Final Approval Hearing (or such other deadline for any such objection as may be set by the Court) are deemed waived.

## 8.     ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS.

**6.1**     Class Counsel shall apply to the Court for the award of (1) fees and expenses which does not exceed a cap of $1,500,000, and (2) Class Representative service awards of $17,500 total ($2,500 each). The Parties will accept, and not appeal, the Court's awards of (1) fees and expenses and (2) Class Representative service awards up to those amounts. The Parties acknowledge and agree that an award of (1) fees and expenses and (2) class representative service awards shall be paid by Kochava within thirty (30) calendar days of the later of the Court's orders relating to such awards. The award of (1) fees and expenses and (2) class representative service awards shall be paid into the Escrow Account.

**6.2**     Within twenty-one (21) days of the Court's entry of an order granting preliminary

approval, Defendant shall pay the full estimated administration fees into an account held by the Notice Administrator. The account shall consist of a single F.D.I.C.-insured interest-bearing escrow account, at a financial institution with more than $20 billion in an account or accounts insured by an agency or agencies of the United States government, with insurance that exceeds any amounts deposited therein, for use in this Lawsuit to facilitate the effectuation and payment of class notice and attorneys' fees (the "Escrow Account" or "Payment Fund"). The Notice Administrator may only use the funds paid by the Defendant into the Payment Fund as specified in and consistent with the terms of the Settlement Agreement, and upon written approval by counsel for Plaintiffs and Defendant. Further, for the avoidance of doubt, any expenses or fees associated or caused by the setting up of and/or maintenance of the Escrow Account shall not be paid by Defendant, but by Class Counsel.

**6.3**   Within twenty-one (21) days of the Court's entry of an order that has become a final order on Class Counsel's petition for attorneys' fees and expenses, Defendant shall pay such fees and expenses into the Escrow Account. The Notice Administrator shall thereafter use best efforts to release to Class Counsel on an expedited basis the full amount of attorneys' fees and expenses awarded to Class Counsel by ACH payment or by wiring those funds to Class Counsel at Milberg Coleman Bryson Phillips Grossman PLLC's State Bar Attorney Client Trust account.

**6.2**   Kochava shall not have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Class Counsel or any other counsel for Plaintiffs, and/or any other person who may assert some claim thereto, of any fee or expense award that the Court may make in this Lawsuit.

**6.3**   Any orders or proceedings relating to the awards of (1) fees and expenses and (2) class representative service awards, or any appeal thereof, shall not operate to terminate or cancel

this Settlement Agreement, or affect or delay the finality of the judgment and the settlement of this Lawsuit as set forth herein. No order of the Court or modification or reversal on appeal of any orders of the Court concerning awards of (1) fees and expenses and (2) class representative service awards shall constitute grounds for cancellation or termination of this Settlement Agreement.

6.4    The sum total of any monetary consideration arising out of this Settlement Agreement shall not exceed $1,600,000.00 (One Million Six Hundred Thousand Dollars) including, but not limited to, any and all awards, orders or payments concerning fees, expenses, costs, incentive awards, and administration costs.

## 7.    RELEASES AND WAIVERS OF RIGHTS.

7.1    <u>Release</u>. Upon the Effective Date, Releasing Parties covenant and agree that they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, assist, cooperate, facilitate, or enforce any of the Released Claims, directly or indirectly, against the Released Parties, expect to enforce the terms of the Settlement Agreement. With the exception of the Class Representatives, **<u>"Released Claims" do not include claims for damages or other monetary relief (whether actual, nominal, punitive, exemplary, statutory, or otherwise).</u>**

7.2    <u>Waiver of Section 1542</u>. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly and each of the Settlement Class members shall be deemed to have, and by operation of the Final Approval Order shall have to the fullest extent allowed by law, waived the provisions, rights, and benefits of any statute or principle of common law similar to Section 1542 of the California Civil Code, which provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to**

> **exist in his or her favor at the time of executing the Release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs and the Settlement Class may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but they, upon the Effective Date, shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled and released to the fullest extent allowed by law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which then exist, or heretofore have existed.

     **7.3**   <u>Releases Relating To Litigation Conduct</u>. The Parties and their respective counsel agree to release each other from any and all claims relating in any way to any Party's or counsel's conduct in this Lawsuit, including but not limited to any claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion or resolution of this Lawsuit.

**8.**    **NO ADMISSION OF LIABILITY OR WRONGDOING**. Kochava expressly and completely disclaims and denies any wrongdoing or liability whatsoever. This Settlement Agreement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement Agreement, shall not be construed or deemed to be evidence of any admission or concession by Kochava of any liability or wrongdoing by Kochava or any of its affiliates, subsidiaries, agents, employees, former employees, directors, representatives, vendors, or any other person or entity acting on its behalf with respect to the payment of interest on mortgage escrow accounts, or that the case was properly brought as a class action, and shall not be construed

or deemed to be evidence of any admission or concession that any person suffered compensable harm or is entitled to any relief with respect to Kochava's payment of interest on mortgage escrow accounts. Kochava may file this Settlement Agreement in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**9.     FAIR, REASONABLE, AND ADEQUATE SETTLEMENT**. The Parties believe this Settlement Agreement is a fair, reasonable, and adequate settlement of this Lawsuit and have arrived at this Settlement Agreement through arm's-length negotiations before a well-respected and experienced mediator, taking into account all relevant factors, present and potential.

**10.     PRESS STATEMENTS**. The Parties shall not issue any press releases announcing the settlement nor shall they advise any third party about the terms of the settlement other than what is filed with the Court in publicly-facing documents. In response to any media inquiries regarding the settlement, the Parties may refer to publicly-filed documents in this Lawsuit. The Parties shall not otherwise make any other public comments or statements to the media concerning the settlement.

**11.     AUTHORITY**.

**11.1     Real Parties in Interest**. In executing this Settlement Agreement, Plaintiffs, on behalf of themselves and the Settlement Class, represent and warrant that, as far as they are aware, Settlement Class members are the only persons having any interest in any of the claims that are described or referred to herein, or in any of the pleadings, records, and papers in this Lawsuit, and, except as provided herein, Plaintiffs are unaware of said claims or any part thereof having been assigned, granted or transferred in any way to any other person, firm, or entity.

**11.2 Voluntary Agreement**. This Settlement Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm or entity.

**11.3 Binding On Successors**. This Settlement Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

**11.4 Parties Represented by Counsel**. The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

**11.5 Authorization**. Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**12.     CONSTRUCTION AND INTERPRETATION**. Neither the Parties nor their respective counsel shall be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them.

**13.     MODIFICATIONS AND AMENDMENTS**. No amendment, change or modification of this Settlement Agreement or any part thereof shall be valid unless in writing and signed by the Parties.

**14.     GOVERNING LAW**. This Settlement Agreement is entered into in accordance with the laws of the State of Idaho and shall be governed by and interpreted in accordance with the laws of

the State of Idaho, without regard to its conflict of law principles.

15. **FURTHER ASSURANCES**. Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances and shall do any and all acts or things reasonably necessary in connection with the performance of its obligations hereunder to carry out the express intent of the Parties hereto.

16. **TERMINATION**. This Settlement may be terminated by either Plaintiffs or Kochava by serving on counsel for the opposing party and filing with the Court a written notice of termination within 10 days (or such longer time as may be agreed between Settlement Class Counsel and Kochava) after any of the following occurrences:

16.1    The Court rejects, materially modifies, or materially amends or changes the terms of the settlement as embodied in this Settlement Agreement;

16.2    The Court declines to enter without material change the material terms in the proposed Preliminary Approval Order or the Final Approval Order;

16.3 An appellate court reverses the Final Approval Order and the settlement is not reinstated and finally approved without material change by the Court on remand;

17. **CONTINUING JURISDICTION**. The Parties to this Settlement Agreement stipulate that the Court shall retain personal and subject matter jurisdiction over the implementation and enforcement of this Settlement Agreement, the order preliminarily approving the Settlement Agreement, the Final Approval Order, and any award of fees and expenses.

18. **NOTICES**.

Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the date of electronic mailing.  Postal mailing will be provided as well, addressed as follows:

To Class Counsel:

Gary M. Klinger
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878
Email: gklinger@milberg.com

To Defendant's Counsel:

Craig J. Mariam
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Email: cmariam@grsm.com

19.     **COUNTERPARTS**. This Settlement Agreement may be executed in counterparts, each of

which shall constitute an original, but all of which together shall constitute one and the same

instrument. The several signature pages may be collected and annexed to one or more documents

to form a complete counterpart. Photocopies of executed copies of this Settlement Agreement may

be treated as originals.

IN WITNESS WHEREOF, each of the signatories has read and understood this Settlement

Agreement, has executed it, and represents that he or she is authorized to execute this Settlement

Agreement on behalf of the Party or Parties he or she represents, who or which has agreed to be

bound by its terms and has entered into this Settlement Agreement.

AGREED TO BY:

By: _____*Cindy Murphy*_____          Date: **10/18/2024**
    Cindy Murphy (Oct 18, 2024 16:20 PDT)
    **Cindy Murphy**


By: _____          Date: _____
    **Scott Connelly**

23

To Class Counsel:

Gary M. Klinger
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878
Email: gklinger@milberg.com

To Defendant's Counsel:

Craig J. Mariam
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Email: cmariam@grsm.com

**19.** **COUNTERPARTS**. This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Settlement Agreement may be treated as originals.

IN WITNESS WHEREOF, each of the signatories has read and understood this Settlement Agreement, has executed it, and represents that he or she is authorized to execute this Settlement Agreement on behalf of the Party or Parties he or she represents, who or which has agreed to be bound by its terms and has entered into this Settlement Agreement.

AGREED TO BY:

By: _____     Date: _____
    **Cindy Murphy**

By: _____     Date: **10/21/2024**
    Scott Connelly (Oct 21, 2024 12:10 PDT)
    **Scott Connelly**

23

By: _Jenny Watson (Oct 18, 2024 19:15 PDT)_        Date:  10/18/2024
**Jenny Watson**

By: _____        Date: _____

**Adriana Ingram**

By: _____        Date: _____

**Shahnaz Zarif**

By: _____        Date: _____

**Sheri Bate**

By: _____        Date: _____

**Julie Maattala**

**Milberg Coleman Bryson Phillips Grossman PLLC**

By: _____        Date: _____

**Cafferty Clobes Meriwether & Sprengel LLP**

By: _____        Date: _____

**Law Offices of Ronald A. Marron**

By: _____        Date: _____

**Bursor & Fisher, P.A.**

By: _____        Date: _____

By: _____        Date: _____
      **Jenny Watson**

By: _____        Date: **10/18/2024**
      Adriana Ingram (Oct 18, 2024 14:21 PDT)
      **Adriana Ingram**

By: _____        Date: _____
      **Shahnaz Zarif**

By: _____        Date: _____
      **Sheri Bate**

By: _____        Date: _____
      **Julie Maattala**

**Milberg Coleman Bryson Phillips Grossman PLLC**

By: _____        Date: _____

**Cafferty Clobes Meriwether & Sprengel LLP**

By: _____        Date: _____

**Law Offices of Ronald A. Marron**

By: _____        Date: _____

**Bursor & Fisher, P.A.**

By: _____        Date: _____

By: _____          Date: _____
    **Jenny Watson**

By: _____          Date: _____
    **Adriana Ingram**

By: _____          Date: _____10/17/2024_____
    **Shahnaz Zarif**

By: _____          Date: _____
    **Sheri Bate**

By: _____          Date: _____
    **Julie Maattala**

**Milberg Coleman Bryson Phillips Grossman PLLC**

By: *Gary M. Klinger*          Date: _____10/21/2024_____

**Cafferty Clobes Meriwether & Sprengel LLP**

By: _____          Date: _____10/21/2024_____

**Law Offices of Ronald A. Marron**

By: _____          Date: _____

**Bursor & Fisher, P.A.**

By: _____          Date: _____

By: _____     Date: _____
    **Jenny Watson**

By: _____     Date: _____
    **Adriana Ingram**

By: _____     Date: _____
    **Shahnaz Zarif**

By: _____     Date: _____
    **Sheri Bate**

By: _____     Date: _____
    **Julie Maattala**

**Milberg Coleman Bryson Phillips Grossman PLLC**

By: _____     Date: _____

**Cafferty Clobes Meriwether & Sprengel LLP**

By: _____     Date: _____

**Law Offices of Ronald A. Marron**

By: _____     Date: October 21, 2024

**Bursor & Fisher, P.A.**

By: _____     Date: _____

By: _____     Date: _____
**Jenny Watson**


By: _____     Date: _____
**Adriana Ingram**


By: _____     Date: _____
**Shahnaz Zarif**


By: _____     Date: _____
**Sheri Bate**


By: _____     Date: 10/16/24
**Julie Maattala**


**Milberg Coleman Bryson Phillips Grossman PLLC**

By: _____     Date: _____


**Cafferty Clobes Meriwether & Sprengel LLP**

By: _____     Date: _____


**Law Offices of Ronald A. Marron**

By: _____     Date: _____


**Bursor & Fisher, P.A.**

By: _____     Date: _10/16/24_

**Kochava, Inc.**            *Charles Manning*

By: _____            Date: 10/29/2024

**GORDON REES SCULLY MANSUKHANI, LLP**

By: _____            Date: October 29, 2024