1  **LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (*pro hac vice*)
2  ron@consumersadvocates.com
ALEXIS M. WOOD (*pro hac vice*)
3  alexis@consumersadvocates.com
KAS L. GALLUCCI (*pro hac vice*)
4  kas@consumersadvocates.com
5  651 Arroyo Drive
San Diego, CA 92103
6  Telephone: (619) 696-9006
Facsimile: (619) 564-6665
7
8  *(see signature page for the complete list of Class Counsel)*

9

10
   **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO**
11                     **NORTHERN (COEUR D'ALENE) DIVISION**

12

13 | CINDY MURPHY, SCOTT CONNELLY,
   | JENNY WATSON, ADRIANA INGRAM,        | **DECLARATION OF KAS L. GALLUCCI IN**
14 | SHAHNZAZ ZARIF, SHERE BATE and JULIE  | **SUPPORT OF PLAINTIFFS' MOTION FOR**
   | MAATTALA, individually and on behalf of all | **FINAL APPROVAL OF CLASS ACTION**
15 | others similarly situated,            | **SETTLEMENT**
16 |
17 |                  Plaintiffs,
   |                                       | Hon. B. Lynn Winmill
18 |       v.
19 | KOCHAVA, INC.,
20 |                  Defendant.
21

---

DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT
CASE NO. 2:23-CV-00058-BLW

**DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Kas L. Gallucci, hereby declare as follows:

1. I am a member in good standing of the State Bar of California and I, along with Gary Klinger at the law firm Milberg Coleman Bryson Phillips Grossman, PLLC, Julian C. Diamond at Bursor & Fisher, P.A., Daniel Herrera at Cafferty Clobes Meriweather & Sprengel LLP, Mark A. Ellingsen at Witherspoon Brajcich McPhee, PLLC, Joshua B. Swigart at Swigart Law Group, APC, and Peter F. Barry at The Barry Law Office, LTD, serve as co-lead class counsel for Plaintiffs Cindy Murphy, Scott Connelly, Jenny Watson, Adriana Ingram, Shahnaz Zarif, Sheri Bate, and Julie Maattala ("Plaintiffs") against Defendant Kochava, Inc. ("Kochava") in the above-captioned case (the "Action"). I submit this Declaration in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement. I make this Declaration based on my personal knowledge, and if called to testify, I could and would competently testify to the matters contained herein.

2. Throughout this litigation, our respective law firms have been integrally involved in the prosecution of Plaintiffs' claims on behalf of the proposed Settlement Class.

3. Before filing the case, Plaintiffs' counsel conducted a thorough investigation related to the factual issues raised in this litigation, including Kochava's software development kit (SDK) and location data collection practices which were novel. Counsel also researched the applicable law to determine how the claims applied to these novel facts in a highly technical context and to address Kochava's potential defenses.

4. Plaintiffs' and their counsel have zealously represented the interests of the Settlement Class from inception and have committed substantial time and resources to the resolution of the Settlement Class's claims.

5. On February 1, 2023, Plaintiff Cindy Murphy filed a Class Action Complaint against Kochava in this court.[1]

---

[1] Two related class actions brought claims arising from the same alleged conduct and the Settlement Agreement incorporates and pertains to the Plaintiffs (namely, David Greenley, Shahnaz Zarif, Sheri Bate and Julie Maattala) in those actions: one was filed in the District Court for the Southern District

6. On April 7, 2023, Plaintiffs filed an Amended class action complaint against Kochava in this Court adding three Plaintiffs, Scott Connelly, Jenny Watson, and Adriana Ingram. The material allegations of the complaint center on Defendant's alleged collection of information about consumers and their mobile devices by, among other means, purchasing data from other data brokers to sell to its own customers, and by intercepting location data consumers provide to mobile-phone applications that have incorporated Kochava's SDK.

7. On April 20, 2023, Kochava moved to dismiss Plaintiffs' First Amended Class Action Complaint under Rule 12(b)(6), arguing that the complaint failed to state a claim upon which relief could be granted and for lack of standing. On May 24, 2023, Plaintiff opposed that motion, and Defendant filed a reply.

8. On October 2, 2023, the Court denied most of the Defendant's motion, finding that Plaintiffs had standing and sustaining their claims under the California Data Access and Fraud Act and for Unjust Enrichment.

9. Between November 2023 and June 2024, in coordination with the Plaintiffs in the *Greenley and Maattala,* Actions, the Parties engaged in significant discovery, including serving and responding to requests for production of documents and interrogatories; collecting, imaging and negotiating the production of data from certain Plaintiffs' mobile devices; discussing the timing of a Rule 30(b)(6) deposition; negotiating orders and stipulations that would govern discovery; and meeting and conferring about the foregoing. Plaintiffs also responded to the discovery Kochava propounded on them related to the production of data from certain Plaintiffs' mobile devices, which required working with consultants to forensically image and analyze certain Plaintiffs' mobile devices. As a result, Plaintiffs devoted significant resources to this litigation.

10. From the outset of the case, the Parties engaged in direct communication, and as part of their obligation under Fed. R. Civ. P. 26(f), discussed the prospect of resolution. Around November 2023, Kochava suggested that it may not be able to afford a fulsome damages settlement under Rule

---

of California, styled *Greenley et al v. Kochava, Inc.* Case No. 3:22-cv-01327-BAS-AHG (Filed September 6, 2022), and the second was filed in the District Court for the District of Massachusetts, styled *Maattala v. Kochava Inc.,* Case No. 1:22-cv-11473-IT (Filed September 12, 2022). Plaintiffs in those actions dismissed their respective lawsuits and joined this action through the Consolidated Class Action Complaint filed on January 30, 2025. *See* Dkt. No. 36.

23(b)(3). Further discussions with Kochava identified aspects of Kochava's financial condition and the limited insurance coverage available, all of which would affect the contours of any potential settlement. Prior to the parties' mediation, the Parties exchanged additional discovery regarding, *inter alia*, the merits of the case, Defendant's lack of adequate insurance coverage, and Defendant's ability to fund a class action settlement under Fed. R. Civ. P. 23(b)(3). Kochava produced confirmatory discovery that showed Kochava's financial condition both precluded a monetary settlement and virtually guaranteed that Kochava would cease to operate if Plaintiffs prevailed. Thus, even if Plaintiffs obtained a judgment on behalf of the Class consistent with the claimed damages, the Class would likely never recover on that judgment because Kochava does not have sufficient funds to satisfy such a judgment.

11. In addition, though Plaintiffs' cases survived Defendant's Motions to Dismiss, in part, the Parties have not briefed, and the Court has not yet certified, any class treatment of this case. If Plaintiffs' claims were continued to be litigated to and through trial, Plaintiffs would encounter risks in obtaining and maintaining certification of the class, as Defendant will certainly oppose certification if the case proceeds. The risk of maintaining class status through trial in this Action is significant. Such a determination would only be reached after additional first- and third-party discoveries, and exhaustive briefing. If the Court were to determine that statutory damages could not be imposed on a class-wide basis, there is a risk that individualized damages determinations would overwhelm the common issues.

12. Even if the Court were to certify the Class (and deny efforts to decertify it thereafter), Kochava expressed a desire to seek appellate review of this Court's interlocutory decisions, so even an initially favorable result would likely be delayed and possibly defeated by Kochava's Rule 23(f) petition.

13. Furthermore, Plaintiffs' liability proof would likely involve first- and third-party discovery (via Kochava and any of the apps/app developers utilizing the Kochava SDK). Proof of actual damages would likely involve substantial exploration of how both Kochava and any other third-party apps utilize the location data they store/receive. Moreover, had litigation continued, the Parties would likely have retained expensive forensics and other testifying experts for class certification, summary judgment, and trial, resulting, at minimum, in protracted *Daubert* briefing.

DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 2:23-CV-00058-BLW

14. Accordingly, on February 26, 2024, following extensive discussions and exchange of information, the Parties agreed to an in-person, all-day mediation on June 3, 2024, before Antonio Piazza of Mediated Negotiations, a neutral mediator. By reaching a favorable settlement with the assistance of a neutral mediator, the Parties could avoid even more significant expense and delay.

15. In preparation for the June mediation, Plaintiffs exchanged both formal and informal discovery with Defendant regarding the merits of the case, class certification, Defendant's inability to use insurance coverage, and Defendant's ability to fund a class action settlement under Fed. R. Civ. P. 23(b)(3). As a result of this exchange, Plaintiffs' Counsel assessed that the proposed Class entailed millions of individuals.

16. The exchange of confidential information between the Parties allowed us to assess the strength of Plaintiffs' claims as well as Kochava's potential defenses. It also called into question Kochava's ability to satisfy an adverse monetary judgment consistent with the claimed damages.

17. On June 3, 2024, the Parties attended an all-day—and at times intensely adversarial—mediation with Mr. Piazza, which, after a full day of intense negotiations, resulted in a settlement in principle. We then spent several months negotiating the terms of the Settlement Agreement with Kochava, a process that included rounds of revisions. In negotiating the Settlement Agreement, we carefully considered the remedial measures and injunctive relief offered to Settlement Class Members and ensured that any injunctive measures would address the underlying allegations of the litigation. Only after reaching an agreement on the Settlement's substantive terms did the Parties turn to negotiating the fee.

18. On October 21, 2024, the Parties memorialized the settlement terms in the executed Settlement Agreement.

19. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine all the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length and with the assistance of a neutral mediator.

20. On January 30, 2025, we joined the two related earlier actions—the *Greenley* Action and the *Maattala* Action –- with this Action through a Consolidated Class Action Complaint naming Cindy Murphy, Scott Connelly, Jenny Watson, Adriana Ingram, Shahnaz Zarif, Sheri Bate, and Julie

Maattala. *See* Dkt. No. 45. Also on January 30, 2025, we submitted our unopposed motion for preliminary approval. Dkt. No. 46.

21. On May 1, 2025, the Court granted Plaintiffs' Motion for Preliminary Approval. Dkt. No. 48.

22. Since the Court granted preliminary approval, we have worked with the Settlement Administrator, Angeion Group, LLC, to carry out the Court-ordered notice plan. The Notice Program apprised the Settlement Class Members of the nature of this Action, the scope of the Settlement Class, the terms of the Settlement Agreement, including descriptions of the Business Practice changes, that attorneys' fees and costs would be sought up to $1,500,000, and the rights of Settlement Class Members to object to the Settlement Agreement and the process for doing so. Settlement § 5.2.

23. Pursuant to the settlement, and as described in the Declaration of Steven Weisbrot of Angeion Group filed herewith, the Court approved Notice Plan was incredibly effective: a robust Media Campaign received millions of impressions via programmatic display advertising, social media advertising, and a google search campaign. Additionally, a Settlement Website (www.kochavaprivacysettlement.com) has been visited by at least 65,304 unique users. Angeion also established a toll-free telephone support line dedicated to this Settlement which received at least 60 calls. Further, at the direction of Class Counsel, Angeion updated the Settlement Website to advise Class Members of the new hearing date and time for final approval.

24. The date for Settlement Class Members to object to the Settlement was July 30, 2025; as of October 31, 2025, Class Counsel has not received any Objections to the Settlement. Further, following CAFA compliance, I can represent that Class Counsel did not receive any inquiries regarding the Settlement.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on this 7th day of November, 2025.

*/s/ Kas L. Gallucci*
Kas L. Gallucci
**LAW OFFICES OF RONALD A. MARRON,**

DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 2:23-CV-00058-BLW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**APLC**
RONALD A. MARRON (*pro hac vice*)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (*pro hac vice*)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (*pro hac vice*)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665


*Class Counsel*