UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CINDY MURPHY, SCOTT CONNELLY, JENNY WATSON, ADRIANA INGRAM, SHAHNAZ ZARIF, SHERE BATE and JULIE MAATTALA, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KOCHAVA, INC.,<br><br>　　　　　Defendant. | Case No.: 2:23-cv-00058-BLW<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR ATTORNEYS' FEES** |

　　　The Court has considered the Class Action Settlement Agreement between Plaintiffs Cindy Murphy, Scott Connelly, Jenny Watson, Adriana Ingram, Shahnaz Zarif, Sheri Bate, and Julie Maattala (collectively, "Plaintiffs") and Defendant Kochava, Inc. ("Kochava), the motion for an order finally approving the Settlement Agreement (Dkt. 53), executed on October 21, 2024, the motion for attorneys' fees (Dkt. 51), the record in this Action, the arguments and recommendations made by counsel at the final approval hearing on November 12, 2025, and the requirements of the law. The Court finds and orders as follows:

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT - 1**

I.   **FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

1.   The Settlement Agreement is approved under Fed. R. Civ. P. 23. The Court finds that the Settlement Agreement and the Settlement it incorporates appear fair, reasonable, and adequate, and its terms are within the range of reasonableness. The Settlement Agreement was entered into at arm's-length by experienced counsel after extensive negotiations spanning months, including with the assistance of a third-party mediator. The Court finds that the Settlement Agreement is not the result of collusion.

II.   **DEFINED TERMS**

2.   For the purposes of this Final Approval Order and Final Judgment ("Order"), the Court adopts all defined terms as set forth in the Settlement Agreement.

III.   **NO ADMISSIONS AND NO EVIDENCE**

3.   This Order, the Settlement Agreement, the Settlement provided for therein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party or any of the Released Parties of wrongdoing, to establish a violation of any law or duty, an admission that any of the practices at issue violate any laws or require any disclosures, any liability or non-liability, the certifiability or non-certifiability of a litigation class in this case, or any

misrepresentation or omission in any statement or written document approved or made by any Party.

## IV. **JURISDICTION**

4. For the purposes of the Settlement of the Action, the Court finds it has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members, and venue is proper.

## V. **CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY**

5. The Court finds and concludes that, for the purposes of approving this Settlement only, the proposed Settlement Class meets the requirements for certification under Fed. R. Civ. P. 23(b)(2): (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims or defenses of the Settlement Class Representatives are typical of the claims or defenses of the Settlement Class; (d) Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class because Settlement Class Representatives have no interests antagonistic to the Settlement Class, and have retained counsel who are experienced and competent to prosecute this matter on behalf of the Settlement Class; and (e) the Defendant has acted on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

6.	The Settlement Agreement was reached after extensive investigation and motion practice, and was the result of protracted negotiations conducted by the Parties, over the course of several months, including with the assistance of a neutral mediator.  Settlement Class Representatives and Class Counsel maintain that the Action and the claims asserted therein are meritorious and that Settlement Class Representatives and the Class would have prevailed at trial.  Defendant denies the material factual allegations and legal claims asserted by Settlement Class Representatives in this Action, maintains that a class would not be certifiable under any Rule, and that the Settlement Class Representatives and Class Members would not prevail at trial.  Notwithstanding the foregoing, the Parties have agreed to settle the Action pursuant to the provisions of the Settlement Agreement, after considering, among other things: (a) the benefits to the Settlement Class Representatives and the Settlement Class under the terms of the Settlement Agreement; (b) the uncertainty of being able to prevail at trial; (c) the uncertainty relating to Defendant's defenses and the expense of additional motion practice in connection therewith; (d) obstacles to establishing entitlement to class-wide relief; (e) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation and appeals; and (f) the desirability of consummating the Settlement promptly in order to provide effective relief to the Settlement Class Representatives and the Settlement Class.

7.    The Court accordingly certifies, for settlement purposes only, a class consisting of all persons over the age of 18 in the United States whose data, including but not limited to their geolocation data, was sold by Kochava without their consent.

## VI.    NOTICE

8.    The Parties and this Court approved a nationwide Notice Program administered by Angeion Group, LLC ("Angeion") that included digital publication, targeted banner advertising, and a dedicated Settlement Website containing key documents, deadlines, and instructions.  The website — www.KochavaPrivacySettlement.com — contains detailed descriptions of the business practice changes, links to all relevant pleadings and Court orders, contact information, important dates, and instructions for submitting objections.  The Notice Program also included a toll-free information line available 24 hours per day.  Angeion has confirmed that notice was disseminated in accordance with the Court's Preliminary Approval Order and Rule 23(e), and that the campaign was fully completed within the deadlines established by that Order.  The Court finds that this constituted appropriate and adequate notice of the Settlement.

## VII.    CLAIMS COVERED AND RELEASES

9.    Upon the Effective Date and by operation of this Order, the Settlement Class Members fully, finally, and forever release, relinquish, and

discharge all released claims in accordance with the Settlement Agreement, including any and all claims for injunctive and/or declaratory relief of any kind or character, at law or equity, known or unknown, preliminary or final, under any other federal or state law or rule of procedure, up until and including the Effective Date, that result from, arise out of, are based on, or relate in any way to the practices and claims that were alleged in the Action, except that, notwithstanding the foregoing, the Releasing Parties do not release claims for monetary relief or damages. The Releasing Parties are forever enjoined from taking any action seeking injunctive and/or declaratory relief against the released parties based on any Settlement Class Members' released claims.

10. The Settlement Agreement and this Order shall be the exclusive remedy for any and all released claims of the Settlement Class Representatives, Settlement Class Members, and Kochava.

## VIII. <u>INJUNCTIVE RELIEF</u>

11. Under the terms of the Settlement, Kochava will implement the following business practice changes in accordance with the Settlement Agreement: (1) a "privacy block" that filters and prevents dissemination of location data associated with Sensitive Locations; (2) restrictions limiting any SDK-collected data to use by the originating app developer; and permanent deletion of legacy SDK data retained for Kochava's own benefit; (3) a consumer opt-out and

blacklisting mechanism to prevent future ingestion or sale of covered data; (4) restrictions on misrepresentations regarding data collection or use; (5) a verification process requiring Kochava to obtain representative consent prompts from data suppliers and to cease using any data collected without consumer consent; and (6) restrictions on use of data for machine learning purposes.

## IX.  ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS

12. The Court has also considered Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Incentive Award, as well as the supporting declarations, and adjudges that the payment of attorneys' fees, costs, and expenses in the amount of $1,500,000 is reasonable under federal law. Records submitted by counsel establish a presumptively lodestar figure of $1,288,460, based on 1,533.5 hours billed at a blended rate of approximately $840 per hour. *See Rodriguez v. West Publ. Corp.*, 602 Fed. Appx. 385, 387 (9th Cir. 2015). A multiplier of 1.1 is justified based on the novelty and complexity of the legal issues, the results obtained, and the risk of nonpayment. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). This award also includes Class Counsel's unreimbursed litigation expenses.  Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement, as clarified by counsel's stipulation at the November 12, 2025, final approval hearing.

13. The Court has also considered Plaintiffs' Motion and supporting declarations for an incentive award to the Class Representatives. The Court adjudges that the payment of an incentive award in the amount of $2,500 each to Plaintiffs Cindy Murphy, Scott Connelly, Jenny Watson, Adriana Ingram, Shahnaz Zarif, Sheri Bate, and Julie Maattala to compensate them for their efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

## X. **AUTHORIZATION TO PARTIES TO IMPLEMENT AGREEMENT AND MODIFICATIONS OF AGREEMENT**

14. By this Order, the Parties are hereby authorized to implement the terms of the Settlement Agreement. After the date of entry of this Order, the Parties may by written agreement effect such amendments, modifications, or expansions of the Settlement Agreement and its implementing documents (including all exhibits thereto) without further approval by the Court if such changes are consistent with terms of this Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under the Settlement Agreement.

## XI. **TERMINATION**

15. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (a) the Settlement Agreement and this

Order shall become void, shall have no further force or effect, and shall not be used in any action or other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations, or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in any action or other proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any Released Claim or the propriety of certifying any class against Kochava, or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the released claims.

## XII.  **RETENTION OF JURISDICTION**

16.    The Court shall retain jurisdiction over any claim relating to the Settlement Agreement (including all claims for enforcement of the Settlement Agreement and/or all claims arising out of a breach of the Settlement Agreement) as well as any future claims by any Settlement Class Member relating in any way to the Released Claims.

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT - 9**

IT IS SO ORDERED.

DATED: November 13, 2025

B. Lynn Winmill
U.S. District Court Judge